**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMIE LEE SMITH, #57598,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:06-CV-981-WKW** |
| | ) |
| **PAUL RICHARDSON, STEPHEN MOON, and KEITH FITZGERALD,** | ) " |
| | ) |
| | ) |
| **Defendants.** | ) |

## SPECIAL REPORT AND ANSWER

Come now defendants, **Corrections Officer Paul Richardson, Corrections Officer Stephen Moon and Corrections Officer Keith Fitzgerald**, in the above-styled cause and for Answer to plaintiff's Complaint, state as follows:

1. As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional rights of plaintiff have been violated and demand strict proof thereof.

4. As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's constitutional rights have been violated at any time.

5. As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavits of Corrections Officer Paul Richardson, Corrections Officer Stephen Moon, Corrections Officer Keith Fitzgerald, Corrections Officer Stephanie Edelstein and Kristin E. Rocco** (Exhibits "1", "2", "3", "4" and "5" respectively).

6. As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Plaintiff is not entitled to any award of punitive damages should this complaint be construed to request them.

**FOURTH DEFENSE**

Defendants assert that cities and counties are absolutely immune from punitive damages under §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

**FIFTH DEFENSE**

Plaintiff is not entitled to any relief requested in the Complaint.

**SIXTH DEFENSE**

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

**SEVENTH DEFENSE**

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

**EIGHTH DEFENSE**

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendants as they are unsupported by fact or law.

**NINTH DEFENSE**

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

**TENTH DEFENSE**

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

**ELEVENTH DEFENSE**

Should the plaintiff's complaint be construed to state claims under Alabama law, all state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

**TWELFTH DEFENSE**

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

**THIRTEENTH DEFENSE**

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

**FOURTEENTH DEFENSE**

Defendants assert the defense of qualified immunity. Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise

in the above styled cause. Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

**FIFTEENTH DEFENSE**

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

**SIXTEENTH DEFENSE**

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

**SEVENTEENTH DEFENSE**

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

**EIGHTEENTH DEFENSE**

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

**NINETEENTH DEFENSE**

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

**TWENTIETH DEFENSE**

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a).* Specifically, plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60.*

**TWENTY-FIRST DEFENSE**

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

**TWENTY-SECOND DEFENSE**

That the plaintiff does not plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> *No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

**TWENTY-THIRD DEFENSE**

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

**TWENTY-FOURTH DEFENSE**

That, pursuant to *28 U.S.C. §1915(f),* plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2).*

**TWENTY-FIFTH DEFENSE**

Pursuant to *28 U.S.C. §1915A,* this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c).*

**TWENTY-SIXTH DEFENSE**

Defendants assert the affirmative defense of the contributory negligence of plaintiff.

**TWENTY-SEVENTH DEFENSE**

Defendants assert the affirmative defense of the assumption of the risk by plaintiff.

**TWENTY-EIGHTH DEFENSE**

Defendants assert the truth as a defense in this case.

**TWENTY-NINTH DEFENSE**

Defendants assert the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

**THIRTIETH DEFENSE**

Defendants deny that they breached a duty or obligation owed to the plaintiff.

**THIRTY-FIRST DEFENSE**

Should plaintiff's claims be construed as claims for punitive damages, the defendants allege that:

1. Plaintiff's claims for punitive damages are prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 6 of the Alabama Constitution.

2. Plaintiff's claims for punitive damages are prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 6, 1 and 22 of the Alabama Constitution.

3. Plaintiff's claims for punitive damages are prohibited under the Contract Clause of Article I, Section 10 of the United States Constitution.

4. Plaintiff's claims for punitive damages violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution that the claims for punitive damages are vague and not rationally related to any legitimate government interests.

5. Plaintiff's claims for punitive damages violate the Sixth Amendment of the United States Constitution in that the claims for punitive damages are claims which are penal in nature, entitling the defendants to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

6. Plaintiff's claims for punitive damages violate the Self Incrimination Clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the defendants are required to disclose documents and/or other evidence without safeguard against self-incrimination set out in the Fifth Amendment.

7. Plaintiff's claims for punitive damages violate the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of

law and that the claims for punitive damages are vague and not rationally related to any legitimate government interest.

8. Plaintiff's claims for punitive damages violate the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

9. Plaintiff's claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, and that the punitive damages claimed are vague and not rationally related to any legitimate governments interests.

10. Plaintiff's claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, in that the punitive damages claimed which are penal in nature, require a burden of proof on the plaintiff which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases.

11. Plaintiff's claims for punitive damages are unconstitutional under the Constitution of the State of Alabama in that they violate Article I, Section 6, by claiming punitive damages which are penal in nature while the defendants are compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

**THIRTY-SECOND DEFENSE**

Should the plaintiff's complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27.*

**THIRTY-THIRD DEFENSE**

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff.

**THIRTY-FOURTH DEFENSE**

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

**THIRTY-FIFTH DEFENSE**

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory.

**THIRTY-SIXTH DEFENSE**

The plaintiff cannot recover against defendants in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

**THIRTY-SEVENTH DEFENSE**

The Sheriff and his corrections officers are state officers and are policy makers for the State of Alabama. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state*

executive officials. *Id. § 112 ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Circuit 1998) (en banc).

**THIRTY-EIGHTH DEFENSE**

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

**s/Gary C. Sherrer**
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon Jimmie Lee Smith, #57598, c/o The Houston County Jail, 901 East Main Street, Dothan, Alabama 36301, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 12th day of December, 2006.

**s/Gary C. Sherrer**
OF COUNSEL

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMIE LEE SMITH, #57598,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:06-CV-981-WKW** |
| | ) |
| **PAUL RICHARDSON, STEPHEN MOON, and KEITH FITZGERALD,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

# AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Paul D. Richardson** who is a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Paul D. Richardson, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.



**EXHIBIT 1**

Because of the recent problems the jail has encountered with contraband including but not limited two fire arms being smuggled into the jail, it is the policy of the jail to do a non-contact visual body and full clothing search of any inmate who has been outside of secured areas of the jail. At approx 10:48 p.m. on October 18, 2006, I was taking the plaintiff and another inmate to their cells from their duties in the jail laundry. Because the plaintiff and the other inmate had been outside of their Pod or cell block and had been working in an unsecured area of the jail, I directed the inmates to one of the storage room areas to have them disrobe and hand me their clothing to search. As a part of the search, we have them hold their arms out to check their arm pits, we have them turn around, squat and cough, we have them open their mouths so that we can look into their mouths and we check the bottoms of their feet. No touching of the inmate takes place. This procedure is required of all inmates that work in unsecured areas of the jail as trustees.

In order to perform the required search, I instructed both the plaintiff and the other inmate to go to the supply room to be searched. The plaintiff refused to go to the supply room. I instructed the inmate to go to the supply room more than three times. The plaintiff continued to refuse, was belligerent, uncooperative, was shouting profanity and was shaking his hand and finger at me in a threatening manner. At no time was the plaintiff otherwise physically restrained by handcuffs or leg restraints. Apparently Officer Moon overheard the plaintiff's shouting and came to my assistance. After Officer Moon arrived, Officer Moon along with myself told the plaintiff that he was no different from any other inmate and that he was going to be searched. The plaintiff again refused to comply and continued to shout and be uncooperative. The plaintiff was again ordered to the supply room across from the laundry room. At that point the plaintiff went into the supply room as he was ordered.

In the supply room, I ordered the plaintiff to begin removing his clothing and to submit to the search. The plaintiff again refused saying that he was not going to do it. I again ordered the plaintiff to submit to the search and the plaintiff again refused to do so. At that point, both Officer Moon and I pulled our tasers. Officer Moon called for additional backup requesting that Officer Fitzgerald report to our location and that we had a noncompliant inmate.

As Officer Fitzgerald arrived, Officer Moon gave the plaintiff a third order to comply adding that the plaintiff "will not be told again -- this is your final compliance order." Again the plaintiff remained noncompliant, uncooperative, belligerent and continued to shout that "he was not doing sh- t, I want a sergeant down here now." At that time Officer Moon and I activated our tasers and I deployed my taser. One of the taser prongs hit the plaintiff in his right middle finger and the other prong hit him in the left hip apparently in the fold of his uniform and did not make contact with him. Apparently my taser misfired for the plaintiff was not incapacitated and did not go down to the floor. All of the officers present ordered the plaintiff to get down on the floor at which time the plaintiff complied and got down on the floor. When the plaintiff was ordered to get up off the floor, the inmate again refused repeatedly to get off the floor and at that time Officer Fitzgerald was forced to remove the projectile air cartridge from his taser and hold the "drive stun" contacts against the plaintiff with the threat that he would discharge the taser if the plaintiff continued to refuse to get up off the floor. At that time the plaintiff got up off the floor.

Officer Fitzgerald took the plaintiff to the medical clinic where the plaintiff was checked for any injuries and was also searched by Officer Fitzgerald while in the medical clinic before the plaintiff was returned to his Pod. I filled out the use of force report/incident report and turned it into my supervisor for review.

My decision to discharge my taser against the actions of the plaintiff in this situation was made as an alternative to the use of other force that would have otherwise been necessary to get the plaintiff to comply. If I had not had the use of my taser, other force such as the use of pepper spray or direct contact force would have been necessary due to the actions of the plaintiff and his refusal to comply with repeated orders to submit to the required search.

With regard to the plaintiff's claims that he was discriminated against based upon his sexual orientation and race, those claims are without basis. All inmates of all races and sexual orientations are required to submit to the search required of the plaintiff if they are allowed to work or otherwise be out of secured areas of the jail. With regard to the plaintiff, I as well as the other officers knew prior to this event, that the plaintiff had been caught on more than one occasion with contraband and had been caught trying to pass contraband from one Pod to another Pod.

PAUL D. RICHARDSON

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Paul D. Richardson**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of December, 2006.

NOTARY PUBLIC
My Commission Expires: 12-9-2008

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**JIMMIE LEE SMITH, #57598,**

**Plaintiff,**

**v.** ) **CIVIL ACTION NO.: 1:06-CV-981-WKW**

**PAUL RICHARDSON, STEPHEN MOON, and KEITH FITZGERALD,**

**Defendants.**

# AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Stephen B. Moon** who is a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Stephen Moon, and I am over the age of nineteen (19) years and a resident of Houston County, Alabama.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.





Because of the recent problems the jail has encountered with contraband including but not limited two fire arms being smuggled into the jail, it is the policy of the jail to do a non-contact visual body and full clothing search of any inmate who has been outside of secured areas of the jail. At approx 10:48 p.m. on October 18, 2006, Officer Richardson was taking the plaintiff and another inmate to their cells from their duties in the jail laundry. Because the plaintiff and the other inmate had been outside of their Pod or cell block and had been working in an unsecured area of the jail, Officer Richardson directed the inmates to one of the storage room areas to have them disrobe and hand him their clothing to search. As a part of the search, inmates are required to hold their arms out for their arm pits to be checked, are required to turn around, squat and cough, are required to open their mouths so that this officer can look into their mouths and the bottoms of their feet are also checked. No touching of the inmate takes place. This procedure is required of all inmates that work in unsecured areas of the jail as trustees.

In order to perform the required search, Officer Richardson instructed both the plaintiff and the other inmate to go to the supply room to be searched. The plaintiff refused to go to the supply room. Officer Richardson instructed the inmate to go to the supply room more than three times. The plaintiff continued to refuse, was belligerent, uncooperative, was shouting profanity and was shaking his hand and finger at Officer Richardson in a threatening manner. At no time was the plaintiff otherwise physically restrained by handcuffs or leg restraints. I overheard the plaintiff shouting and came to Officer Richardson's assistance. After I arrived, Officer Richardson and I told the plaintiff that he was no different from any other inmate and that he was going to be searched. The plaintiff again refused to comply and continued to shout and be uncooperative. The plaintiff was again ordered to the supply room across from the laundry room. At that point the plaintiff went into the

supply room as he was ordered.

In the supply room, Officer Richardson and I ordered the plaintiff to begin removing his clothing and to submit to the search. The plaintiff again was belligerent, shouting and refused, saying that he was not going to do it. Officer Richardson again ordered the plaintiff to submit to the search and the plaintiff again refused to do so. At that point, both Officer Richardson and I pulled our tasers. I called for additional backup requesting that Officer Fitzgerald report to our location and that we had a noncompliant inmate.

As Officer Fitzgerald arrived, Officer Richardson and I gave the plaintiff a third order to comply adding that the plaintiff "will not be told again -- this is your final compliance order." Again the plaintiff remained noncompliant, uncooperative, belligerent and continued to shout that "he was not doing sh- t, I want a sergeant down here now." At that time Officer Richardson and I activated our tasers and Officer Richardson deployed his taser. One of the taser prongs hit the plaintiff in his right middle finger and the other prong hit him in the left hip apparently in the fold of his uniform and did not make contact with him. Apparently the taser misfired for the plaintiff was not incapacitated and did not go down to the floor. All of the officers present ordered the plaintiff to get down on the floor at which time the plaintiff complied and got down on the floor. When the plaintiff was ordered to get up off the floor, the inmate again refused repeatedly to get off the floor and at that time Officer Fitzgerald was forced to remove the projectile air cartridge from his taser and hold the "drive stun" contacts against the plaintiff with the threat that he would discharge the taser if the plaintiff continued to refuse to get up off the floor. At that time the plaintiff got up off the floor.

Officer Fitzgerald took the plaintiff to the medical clinic where the plaintiff was checked for any injuries and was also searched by Officer Fitzgerald while in the medical clinic before the

plaintiff was returned to his Pod. Officer Richardson filled out the use of force report/incident report and turned it into his supervisor for review.

Officer Richardson's decision to discharge his taser against the actions of the plaintiff in this situation was made as an alternative to the use of other force that would have otherwise been necessary to get the plaintiff to comply. If he had not had the use of his taser, other force such as the use of pepper spray or direct contact force would have been necessary due to the actions of the plaintiff and his refusal to comply with repeated orders to submit to the required search.

With regard to the plaintiff's claims that he was discriminated against based upon his sexual orientation and race, those claims are without basis. All inmates of all races and sexual orientations are required to submit to the search required of the plaintiff if they are allowed to work or otherwise be out of secured areas of the jail. With regard to the plaintiff, I as well as the other officers knew prior to this event, that the plaintiff had been caught on more than one occasion with contraband and had been caught trying to pass contraband from one Pod to another Pod.

STEPHEN B. MOON

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Stephen B. Moon**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of December, 2006.

NOTARY PUBLIC
My Commission Expires: 12-9-2008

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMIE LEE SMITH, #57598,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:06-CV-981-WKW** |
| | ) |
| **PAUL RICHARDSON, STEPHEN MOON, and KEITH FITZGERALD,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**AFFIDAVIT**

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith Fitzgerald** who is a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Keith Fitzgerald, and I am over the age of nineteen (19) years and a resident of Miller County, Georgia.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.



**EXHIBIT 3**

Because of the recent problems the jail has encountered with contraband including but not limited two fire arms being smuggled into the jail, it is the policy of the jail to do a non-contact visual body and full clothing search of any inmate who has been outside of secured areas of the jail.

On the evening of October 10, 2006, Officer Moon called for additional backup requesting that I report to his location and that they had a noncompliant inmate.

As I arrived, Officers Richardson and Moon gave the plaintiff a third order to comply adding that the plaintiff "will not be told again -- this is your final compliance order." Again the plaintiff remained noncompliant, uncooperative, belligerent and continued to shout that "he was not doing sh- t, I want a sergeant down here now." At that time Officers Richardson and Moon activated their tasers and Officer Richardson deployed his taser. One of the taser prongs hit the plaintiff in his right middle finger and the other prong hit him in the left hip apparently in the fold of his uniform and did not make contact with him. Apparently the taser misfired for the plaintiff was not incapacitated and did not go down to the floor. All of the officers present ordered the plaintiff to get down on the floor at which time the plaintiff complied and got down on the floor. When the plaintiff was ordered to get up off the floor, the inmate again refused repeatedly to get off the floor and at that time I was forced to remove the projectile air cartridge from my taser and hold the "drive stun" contacts against the plaintiff with the threat that I would discharge the taser if the plaintiff continued to refuse to get up off the floor. At that time the plaintiff got up off the floor.

I then took the plaintiff to the medical clinic where the plaintiff was checked for any injuries and I also searched the plaintiff while in the medical clinic before he was returned to his Pod

Officer Richardson's decision to discharge his taser against the actions of the plaintiff in this situation was made as an alternative to the use of other force that would have otherwise been

necessary to get the plaintiff to comply. If Officer Richardson had not had the use of his taser, other force such as the use of pepper spray or direct contact force would have been necessary due to the actions of the plaintiff and his refusal to comply with repeated orders to submit to the required search.

With regard to the plaintiff's claims that he was discriminated against based upon his sexual orientation and race, those claims are without basis. All inmates of all races and sexual orientations are required to submit to the search required of the plaintiff if they are allowed to work or otherwise be out of secured areas of the jail. With regard to the plaintiff, I as well as the other officers knew prior to this event, that the plaintiff had been caught on more than one occasion with contraband and had been caught trying to pass contraband from one Pod to another Pod.

KEITH FITZGERALD

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Keith Fitzgerald**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of December, 2006.

NOTARY PUBLIC
My Commission Expires: 12-9-2008

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMIE LEE SMITH, #57598,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:06-CV-981-WKW** |
| | ) |
| **PAUL RICHARDSON, STEPHEN MOON,** | ) |
| **and KEITH FITZGERALD,** | ) |
| | ) |
| **Defendants.** | ) |

# AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Stephanie Edelstein** who is a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Stephanie Edelstein, and I am over the age of nineteen (19) years and a resident of Geneva County, Alabama.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I have personal knowledge of the facts and information contained herein.





I was working the control booth located in M, N and O Pods at the Houston County Jail on the night of October 18, 2006. I heard the plaintiff yelling that he did not want to be searched and that he wanted me to call the Sergeant. The plaintiff was belligerent, uncooperative and shouting as he refused numerous tries to submit to the search required for him to return to his Pod. I never opened the control booth door and did not intend to due to the hostile, belligerent, loud and uncooperative actions of the plaintiff.

Because of the plaintiff's actions, I got on the phone to request backup for Officer Richardson. As I was on the telephone, I heard a call for backup on the radio and later heard that the plaintiff had been tased due to his actions and refusal to comply with orders.



STEPHANIE EDELSTEIN

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Stephanie Edelstein**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of her information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of December, 2006.



NOTARY PUBLIC
My Commission Expires: 12-9-2008

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JIMMIE LEE SMITH, #57598,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:06-CV-981-WKW** |
| | ) |
| **PAUL RICHARDSON, STEPHEN MOON, and KEITH FITZGERALD,** | ) |
| | ) |
| **Defendants.** | ) |

**AFFIDAVIT**

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Lieutenant Kristin E. Rocco** of the Houston County Sheriff's Department, who is the Jail Administrator for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Lieutenant Kristin E. Rocco and I am the Jail Administrator of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since 1997. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make this



**EXHIBIT 5**

affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case. According to the Jail records, the plaintiff was at all times relevant to his claims, a post-conviction inmate.

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. The plaintiff has filed numerous grievances, copies of which are contained in his jail medical file as if they relate to medical treatment and copies of which are contained in his jail inmate file as they relate to other matters. As his files reflect, the plaintiff was well versed in the filing of grievances and inmate request forms. According to his jail inmate file, the plaintiff filed five (5) inmate grievances related to non-medical issues. These non-medical grievances were addressed by the jail staff.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail Docket Cards showing that

the plaintiff received a copy of the Inmate Rules are attached hereto as **Exhibit D**, and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit E**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit F** and is incorporated herein by reference as if fully set forth.

Each time a taser is discharged in the Houston County Jail, the officer that discharges the taser is required to fill out a use of force report/incident report. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the use of force report/incident report resulting from the incident made the basis of Plaintiff's Complaint is attached hereto as **Exhibit G**, and is incorporated herein by reference as if fully set forth. I reviewed the use of force report/incident report and the attached statements and found the use of force in this situation to have been reasonably necessary and that the force used by the officers was reasonably proportionate to the difficult, tense, dangerous and uncertain situation faced by the officers in the situation made the basis of this lawsuit.

According to the jail records and reports from jail staff, while in the Houston County Jail the plaintiff was disciplined formally several times for various violations of the jail's rules and regulations and his file indicates that he not only knew how to appeal said decisions, but did in fact do so. Several of the Plaintiff's disciplinaries related to his having or attempting to pass contraband in the Jail.

I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit H**, and is incorporated herein by reference as if fully set forth.

I have investigated the plaintiff's complaints in this lawsuit and have found them to be without basis.

KRISTIN E. ROCCO

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Kristin E. Rocco**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of her information, knowledge and belief.

Sworn to and subscribed before me on this the 12th day of December, 2006.

NOTARY PUBLIC
My Commission Expires: 12-9-08

# HOUSTON COUNTY SHERIFF'S DEPARTMENT

## JAIL DIVISON

LAMAR GLOVER, SHERIFF

**INMATE RULES**

Order is essential to the safe and secure operation of the jail. Inmate Rules describe the expected behavior of all inmates. Inmates found in violation of rules will be subject to disciplinary action or criminal action depending on the type of violation. Some rule violations will subject the inmate, if found guilty, to sanctions or restriction of privileges. All inmates found guilty of rule violations have a right to appeal. Appeals must be submitted within 24 hours after receiving the sanction or restriction.

**RULES**

1. Uniforms (jump suits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "**Houston County Jail**" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

2. No foreign objects will be placed in the jail doors to keep the door open or prevent locking. All inmates housed in a cell will be required to keep the cell clean and free of debris.

3. No paper products or any other type product will be placed over cell windows, vents, doors, cell lights or on walls.

4 No inmate will behave in any manner that is disrespectful to any Sheriff's Department personnel, visitors, or other inmates.

5. No inmate will initiate any physical contact, assault or attempt to assault, nor perform any act that will endanger any Sheriff's Department personnel, or any other officer, inmate or visitor.

6. No inmate will waste, abuse, damage, or steal county property or personal property belonging to another inmate.

7. No inmate will incite any action that will threaten the safety or order of the jail.

8. No inmate will commit any lewd or indecent sexual act or exhibitions.

901 East Main Street • Dothan, AL 36301
(334) 712-0762 • Fax (334) 671-9479



9. No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

10. Inmates must maintain their cells and common areas in a clean, sanitary, and orderly condition.

11. No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel.

12. No inmate will leave his/her authorized area. Inmates must roll-in to their cells when told to do so. Females must be seated on their bunk.

13. Inmates must roll-in at all roll-in times. Inmates assigned to day room access must be on their mattress at all roll-ins.

14. No inmate will be allowed to wear a cap, scarf, hat, headrag, etc., or anything covering their hair or head.

15. No inmate will touch or place any item on the sprinkler head in their cell.

16. Inmates will not press the call buttons except in case of emergency.

17. No inmate will pass any item from one pod to another.

18. Inmates **must** wear identification arm band at all times.

## DAILY SCHEDULE

1. Roll In/Roll Out times will be posted in the pod.

2. Inmates will roll-in at shift change times for inmate count and any other time when called by the officers.

3. Showers will be taken during the following hours: 1:00 P.M. - 2:30 P.M. and 3:30 P.M. - 8:30 P.M.

4. Religious services will be held on nights scheduled by the Jail Commander.

5. Meals will be served beginning at approximately the following times: **Breakfast - 5:00 A.M.**
**Lunch - 11:00 A.M.**
**Supper - 5:00 P.M.**

Each inmate is responsible for getting their own tray. Cups **will** be taken up after the supper meal and returned at the breakfast meal.

# PERSONAL ITEMS ALLOWED

## A. Items Issued

| | |
|---|---|
| Uniforms | Blanket |
| Mattress | Toothbrush |
| Mattress Cover | Comb |
| Laundry Bag | Soap |
| Towel | Toilet Paper |
| Bath Cloth | Toothpaste |

## B. Clothing Allowed to be Brought Into the Facility

1. Undergarments, 6 pair, white only
2. Socks, white only, 6 pair
3. T-shirts, (6) white only (no tank-tops or pockets)
4. Sweatshirt, or thermal underwear, 1 each, elastic waistband, no pockets
5. Shower shoes, 1 pair
6. Tennis shoes, 1 pair, no shoestrings. No boots, clogs or sandals - must be new
7. Bras, 3, white, no underwire

## C. Hygiene Products Allowed (One Each)

1. Stick deodorant
2. Bar soap (no liquid soap)
3. Shampoo (clear plastic bottle)
4. Hair grease/gel

All hygiene products must be the original container, clear plastic and must have see-through contents and original seal. Never opened. (See Inmate Hygiene Policy page 10)

## D. Other Items Allowed

1. Legal papers
2. Personal letters (Not to exceed 10 letters)
3. Soft-back Bible
4. 2 legal pads, letter size, no wire binding
5. 25 envelopes with stamps
6. 2 pencils, lead
7. 2 pens (non-retractable, non-metal point, see-through) (no crayons, colored pencils, highlighters or markers allowed)

## E. Commissary Purchases

1. Weekend visitors whose name appears on an inmate's visitation list may deposit commissary money only into the inmate commissary fund of the inmate being visited.

2. Cash money and only correct amount will be accepted.

**Coins will not be accepted.**

3. Only certified checks or money orders will be accepted through the mail.

4. Inmate workers assigned to outside duties will only be allowed to contribute to inmate workers fund on Saturdays and Sundays. Each inmate is allowed $25.00 per week or $5.00 per day. (Inmates are not permitted to have money in the pods or on their person.)

F. **Acceptance of Personal Items**

The personal clothing worn by an inmate at booking, along with other personal items that are not considered contraband, will be stored in the property room and given back to the inmate at release. **The inmate must sign a property return receipt at release or transfer time.** If considered contraband, i.e., cigarettes, lighters, it will be destroyed after 3 days if not picked up by family members.

G. **Television**

The televisions are provided in the facility for the convenience and entertainment of the inmate. The floor officer may change channels when he/she deems necessary. The television may be turned off or removed for disciplinary reasons at the discretion of the floor officer.

H. **Cell Assignments and Institutional Living**

The inmate's cell assignment is the responsibility of the Records and Classification Division. Inmates must return to their assigned cells at all roll-in times.

**When the inmate leaves his/her cell for the dayroom, the bed must be made up neatly.**

Personal items must be stored in the drawer underneath the bunk. Items will not be stored underneath the mattress. Inmates must not alter or destroy any lights, walls, fixtures, or plumbing located in a cell. Inmates assigned to cells without a drawer may place their items neatly at the foot of the bunk.

J. **Jail Library**

Library books are available once a week at the discretion of the Sergeant assigned library duty. Inmates may check out a maximum of two books per week.

K. **Inmate Workers (Trustees)**

1. Requirements for inmate workers:

   a. Inmate must be convicted.
   b. Inmate must not have a record of violence or sexual crimes or be a high risk.
   c. All inmates must be medically approved.
   d. The Jail Commander must approve all inmate workers.
   e. Inmate must not be convicted of manufacturing or trafficking in drugs.

2. Rules of inmate workers:

   a. **Inmate workers must perform work duties as assigned.**
   b. **Workers must remain in work areas assigned and may be searched at any time.**
   c. **Outside workers must inform control of their duties and location at all times.**
   d. **Inmate workers must not enter control room or jailer's booth unless escorted.**

**L. Recreational Activities**

Basketball goals have been installed in the recreation areas, and their use is determined by the Sergeant on duty, weather permitting.

**M. Telephone Calls**

1. Inmates will not receive any telephone calls, nor will any messages be forwarded for calls.

2. Legitimate emergency messages will be handled by the supervisor on duty.

3. The jail personnel will only give out the charge, amount of bond, or sentence regarding an inmate.

4. Inmates may make collect calls using the inmate telephone system located in the dayroom. These calls may be monitored or recorded.

5. **Upon written request by inmate, the receptionist may call and leave a message for an attorney.**

6. Inmates are not allowed to use a phone in the docket area except at the time of booking.

7. Upon written request by an inmate, the docket officer will call a bonding company of the inmate's choice.

**N. Visitor Information**

1. **The Houston County Jail is a non-contact visiting jail.** Only attorneys meeting in private conference with

inmate clients are allowed contact visits.

2. Inmates must complete a visitor list to see visitors. Visitors will not be allowed a visit if their name is not on the visiting cards, including children. Visiting list is restricted to only 8 names.

3. After 7 days, including entry day, the visitation list will not be changed, added to, or deleted, for a period of 60 days.

4. Visitors 16 years and older must present a current photo ID or driver's license before entry. Visitors under 16 years must have a social security card or a birth certificate, or be admitted at the discretion of the supervisor.

5. Only two (2) people, including children, will be allowed to visit per inmate. Visitors must come and leave together. **Split visitation is not allowed.**

6. For cause, the supervision of the jail may refuse an inmate's visitation privileges.

7. Visitor cards will be held by the visitation officer in the lobby. Times will be noted on the card.

8. Weekday visitation may be approved if **proper identification and proof of residency is presented. Weekday visits will only be approved if the visitor shows proof that their residence is a minimum of 100 miles from the Houston County Jail.** Out of town visits are for visitors who can not visit on regular visiting days and proof of the fact is presented. A visitor may not visit on the weekend and during the week day.

9. Inmates are not allowed visitors while serving time on lockdown or lock up time.

10. Visitors will be arrested and prosecuted for bringing or attempting to bring contraband into the jail.

11. Visitors will not wear mini skirts, shorts above the knee, halter tops, tank tops, spaghetti straps, strapless/slit dresses. No see-through clothing or low cut necklines will be worn. No visitor will wear any clothing that exposes the body to bare skin from the shoulders to the knees. Arms are excluded.

**VISITING SCHEDULE**

**SATURDAY:** 8:00 AM to 10:30 AM
Pods M thru O, and female inmates, trustees and weekend dorms

**SATURDAY:** 1:00 PM to 3:30 PM
Pods I, J, K, L, holding and Nursing

**SUNDAY:** 8:00 AM to 10:30 AM
Pods A thru D

**SUNDAY:** 1:00 PM to 3:30 PM
Pods E thru H

## MAIL

1. Letters will be inspected for contraband to ensure facility safety.

2. No hand-delivered mail or packages will be accepted. Envelopes larger than 5X7 will not be accepted.

3. Inmates may receive money orders through regular mail. The money order must be made payable to: **Inmate Drawing Account,** and **must include the inmate's name and inmate number.**

4. **Mail received by the inmates will be documented, opened, and inspected before delivery to the inmate.** Legal mail received by the inmate will be opened by the officer in the presence of the inmate **but not read.**

5. Outgoing mail will be taken up each morning by the corrections officer. Incoming mail will be delivered to the inmate daily.

6. All incoming and outgoing mail must have the sender's **first** and **last name.** No nicknames will be accepted. The envelope must bear the sender's complete address.

**EXAMPLE:** John Doe Pod A, B, C, D
901 East Main Street
Dothan, Alabama 36301

Jane Doe Pod Location
901 East Main Street
Dothan, Alabama 36301

## LAW LIBRARY

The facility has a constitutionally accepted law library for inmate use. The inmate must submit a request to the sergeant on duty to visit the library. The sergeant will arrange for use of the library by pod designation. Inmates cannot remove any book from the library. The facility does not provide a librarian.

## LIVING AREA REQUIREMENTS

A. Inmate towel and bath cloth must be hung on the foot of the bed and be centered. The towel will be hung first and the bath cloth hung neatly on the top of the towel.

B. Shoes will be placed underneath the right side of the bunk at the foot of the bunk with toes turned out.

C. The bunk will be neatly made.

D. Bunks will be in compliance from 8:00 AM to 9:00 PM Monday through Friday.

E. On Saturday and Sunday, bunks will be in compliance from 10:00 AM to 9:00 PM.

F. No items will be stored underneath the bunk except shoes. The inmate must keep his area clean and clear of litter.

G. No items of any kind will be placed or stored on the window sill of the cell.

**MEDICAL CARE**

A. Inmates are charged a co-pay for medical care at the jail. Inmate medical care is not free. Alabama law dictates that inmate medical service is free when the inmates "are unable to provide for themselves," (Code of Alabama 14-6-19).

B. Inmate medical co-pay is taken from the inmate's commissary funds.

C. The inmate will be charged a co-pay for each medical visit and each medical service based on the following fees:

| | |
|---|---|
| **Hospital Visit** | **$20.00** |
| **Doctor Visit** | **$20.00** |
| **Practioner Visit** | **$20.00** |
| **LPN Visit** | **$ 5.00** |
| **EMT Visit** | **$ 2.00** |
| **Lab/X-Ray** | **$20.00** |
| **Prescription (each)** | **$10.00** |
| **Non-Prescription (each)** | **$ .50** |
| **Dental visit** | **$20.00** |

D. Inmates who request medical clearance to perform trustee duties and then refuse to work will be charged $98.00, or actual cost, for their lab work.

E. Inmates are not allowed to ask questions during medication pass.

F. Med call is announced prior to the nurse arriving

in each area. Any inmate not standing in line by the door will forfeit their medication and be noted as being absent.

## CHAPLAIN SERVICES

A. The jail has a staff chaplain on part-time duty. However, a 24-hour call is maintained for inmates who request emergency service.

B. Inmates must request chaplain service. Inmate request forms may be obtained from the corrections officer on duty.

C. Inmates who are members of an established religious body may be visited by the clergy of the religious body at times listed, Monday thru Friday, during the hours: 9:00 A.M. - 11:00 A.M.<br>1:00 P.M. - 2:30 P.M.<br>3:30 P.M. - 4:30 P.M.<br>except during lock-up times or when the inmate is on disciplinary lockdown. At the discretion of the supervisor on duty, inmates on disciplinary lockdown may be visited by clergy.

D. Clergy must show proof that they are ministers of an established religious body of which the inmate desiring a visit is a declared member and complete a visitation form provided by the jail facility before they are allowed visitation. Ministers are required to complete the visitation form only once.

**E. Pastoral visits are discouraged on Saturdays and Sundays due to weekend visitation except during emergency situations.**

F. Non-denominational services are held during the evenings on Monday, Tuesday, and Thursday, of each week. Other services and classes are held at the discretion of the chaplain.

G. Attendance at religious services is not mandatory for the inmate. The privilege to attend religious services may be revoked by the supervisor on duty for misbehavior during the service or any violation of the inmate rules.

H. Clergy who have family members that are incarcerated and a member of the clergy's religious body may visit the inmate once as clergy. The remaining visits will be on regular visiting time assigned to the inmate. Clergy will be any minister employed by the established religious organization.

HOUSTON COUNTY JAIL
POLICY AND PROCEDURE DIRECTIVE

INMATE HYGIENE

Date Issued: April 14, 2005
Date Effective: April 24, 2005
Revision Date: April 25, 2005

Policy Number: E-303

---

**POLICY:**

In order to promote the institutional goals of health, cleanliness, safety and security in the Houston County Jail, it is the policy of the Houston County Jail that except as may otherwise be specifically provided for herein, all inmates, male and female, shall adhere to this policy. Male inmates shall have hair no longer than one inch from their scalp. Additionally, female inmates shall have hair no longer than collar length. There will be no special hairstyles permitted. Furthermore, there shall be no facial hair greater than one-quarter inch (1/4") in length and fingernails shall be clipped to the tip of the finger. Each inmate shall shower daily; this includes shampooing the hair and a change in clothes. Inmates in food service shall wear a clean set of whites daily.

**PROCEDURE:**

During the initial booking process, inmates with a set bond, but who are otherwise incarcerated over night, are not subject to the haircut requirement, but they shall not refuse a bath using a delousing soap and shampoo if required by the jail staff. Any inmate booked into the jail without a set bond shall have to comply with all requirements of this policy during the initial booking phase.

A schedule for compliance with this policy shall be set from time to time by the Jail Commander or Jail Administrator.

In the event an inmate wishes to have their haircut shorter, they must fill out an inmate request form and return it to the appropriate staff.

In an additional effort to prevent the spread of infection to other inmates and employees, every cell and holding area, including dayrooms, must be decontaminated using germicidal agents and steam cleaning the showers, floors and walls. This procedure must be done a minimum of once a week for every space in the secure areas of the jail occupied by an inmate, including the docket. The mats used for sleeping must be sprayed with germicide **weekly**.

To ensure this policy is being followed, the ranking Sergeant will perform inspections as may be necessary. Any inmate in non-compliance with this policy is to be reported to the Jail Commander or Jail Administrator and shall be subject to appropriate disciplinary action.

**GRIEVANCE PROCEDURE**

01. In the event that an inmate has a grievance, this inmate will send a grievance form to the Senior Corrections Officer, who will investigate and answer the grievance, and will settle this issue. If this is not possible, the Jail Commander may hold a formal hearing.

02. The Senior Corrections Officer will hear all sides of the situation with a written statement or witnesses, as appropriate and render a decision. This inmate will be informed of the decision in writing. Actions taken will be documented.

Houston County Jail
Policy and Procedure Directive

# INMATE RULES AND REGULATIONS

Date Issued: May 1, 1999 Policy Number: E-301

**POLICY:**

It is the policy of the Houston County Jail to advise inmates, in writing, of inmate rules and regulations.

**PROCEDURE:**

The jail will provide each inmate admitted to general population a copy of the inmate rules and regulations.

The inmate rules and regulations handout will be reviewed by the Jail Administrator and updated as necessary.

ACJS 13-001



EXHIBIT B

Houston County Jail
Policy and Procedure Directive

# RECEIPT OF INMATE RULES AND REGULATIONS

Date Issued: May 1, 1999 Policy Number: E-302

**POLICY:**

It is the policy of the Houston County Jail to inform all new inmates of the inmate rules and regulations.

**PROCEDURE:**

Prior to any inmate being placed in a regular housing unit of the jail, the jail will provide the inmate with a copy of the inmate rules and regulations.

If the inmate is unable to read the inmate rules and regulations, a jail officer will read them to him/her and document the event. In reading the rules and regulations, the staff member will explain each rule and regulation and answer any questions the inmate may have about the rules and regulations.

The jail officer will complete the Rules and Regulations Receipt form advising the inmate that he/she will be required to abide by those rules and regulations while an inmate in the Houston County Jail.

The inmate will then be required to sign the receipt form. If inmate refuses, the process will be documented and procedure continued.

The receipt form will be placed in the inmate's file.



**EXHIBIT C**

7-6-5
1655

**HOUSTON COUNTY JAIL**
**JAIL DOCKET CARD**

INMATE #: 57598
LAST NAME: Smith
FIRST: Jimmie
MIDDLE: Lee
MAIDEN:
ALIAS:
VICTIM NOTIFICATION:

ARRESTING AGENCY: DPD
DATE RECEIVED: 7-6-05
TEMP. RELEASE DATE:
RETURN DATE:
RELEASE DATE:
HOW RELEASED:

RISK:
STATUS:
FLOOR: A
CELL: floor
DOCKET OFFICER: C10 Russ/Smith
ARRESTING OFFICER: Cpl. L. ~~Hitms~~ Nelms/Williamson

AGE: 22
DOB: 1-29-83
SSN: 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
RACE: B
SEX: M
HEIGHT: 5'8
WEIGHT: 130
HAIR: Blk
EYES: Bro
AGENCY HOUSED FOR: Houston

ENTRANCE NCIC/BY: Neg C3
ENTRANCE HOUSTON/BY: Neg J25
ENTRANCE DPD/BY: Neg Sgt Banks
FELONY CRIMINAL HISTORY/BY:

EXIT NCIC/BY:
EXIT HOUSTON/BY:
EXIT DPD/BY:
ATTORNEY: Will hire.

HOLD 1: Lowndes Co
DATE/BY: 11-22-05
HOLD RELEASE DATE/BY:
HOLD 2:
DATE/BY:
HOLD RELEASE DATE/BY:

HOLD 3:
DATE/BY:
HOLD RELEASE DATE/BY:
HOLD 4:
DATE/BY:
HOLD RELEASE DATE/BY:

ADDRESS: 9380 103rd St, Lot 17
CITY: Jacksonville
STATE: FL
PROBATION/PAROLE OFFICER:

NEXT OF KIN: Patricia Smith
ADDRESS: 9380 103rd St. Lot 17
CITY/STATE: Jacksonville FL
PHONE: 904-803-3174
RELATION: mother

REMARKS: 11-22-05 Copy of warrant from Lowndes County attached.

DID INMATE RECEIVE PHONE CALL? (✓) Y ( ) N
INMATE SIGNATURE X Jimmie Smith

DID INMATE RECEIVE JAIL RULES? (✓) Y ~~( ) N~~
INMATE SIGNATURE X Jimmie Smith

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

**EXHIBIT D**

| INMATE # | NAME |
|---|---|
| | |

| CHARGE | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| ~~4~~ PFI 2nd | 05-14340 | 05-2564 | 31 | | |
| BOND ~~10,000~~ Ø | 7-27-05 08:30 A.M | | indt | | |
| | | | 10/28/15 | | |
| | probation denied | | | | |
| | to serve thru CC | | | | |

| CHARGE | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| PFI 2nd | 05-14339 | 05-2563 | 32 | | |
| BOND ~~10,000~~ Ø | | | | | |

| CHARGE | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| PFI 2nd | 05-14338 | 05-2562 | 33 | | |
| BOND ~~10,000~~ Ø | | | | | |

| CHARGE | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| PFI 2nd | 05-14337 | 05-2561 | 34 | | |
| BOND ~~10,000~~ Ø | | | | | |

| CHARGE | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| P.F.I 2nd | 05-14336 | 05-2560 | 35 | | |
| BOND 10,000 Ø | | | | | |

# INMATE GRIEVANCE FORM

DATE: ____________________ INSTITUTION: ____________________

NAME: ____________________ INMATE NUMBER: ____________________

NATURE OF GRIEVANCE OR INFORMATION:

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ?

DATE HEARING: ____________________

COMMITTEE FINDING OR RESPONSE:

REFERRED TO: ____________________ POSITION: ____________________

CHAIRMAN: ____________________ MEMBER: ____________________

MEMBER: ____________________ WARDEN: ____________________

AGREE ________ DISAGREE: ________ (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE:

DATE GRIEVANCE FILED: ____________________ TIME FILED: ____________________

SHIFT COMMANDER:

EXHIBIT

E

tabbies

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued: May 1, 1999 Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request. Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.



EXHIBIT F

# HOUSTON COUNTY JAIL
# INCIDENT/OFFENSE REPORT

| | |
|---|---|
| Investigating Officer: C/O Richardson | Report No. |
| Offense/Incident: Non-Compliant inmate | Page No. 1 of 2 |
| Place of Occurrence: HCJ- Supply Room | Date/Time of Occurrence: 10 /18 /06 at 2251 hours |

Involved Inmates:

| | |
|---|---|
| Offender 1: Smith, Jimmie Lee | Inmate # / Cell Assignment: 57598 M1 |
| Offender 2: | Inmate # / Cell Assignment: |
| Offender 3: | Inmate # / Cell Assignment: |
| Victim 1: | Inmate # / Cell Assignment: |
| Victim 2: | Inmate # / Cell Assignment: |
| Involved Officers: C/O P. Richardson | Rank / Assignment: C/O / M-N-O |
| S. Moon | Rank / Assignment: C/O Rover |
| K. Fitzgerald | Rank / Assignment: C/O Docket |
| Witnesses: | Inmate # / Cell Assignment: |
| | Inmate # / Cell Assignment: |

Evidence: Marked, Tagged, Sealed _____ YES _____ NO

Nature of Evidence: USED TASER CARtridgE Turned Over to: Sgt. Bonin

Disposition: _______ Evidence: ________ Destroyed: ______ Turned In To S.O.

| C/O P. Richardson | | |
|---|---|---|
| Inv. Officer's Signature: | Approved By: | Disposition: |

EXHIBIT G

**NARRATIVE:**

At approx. 2248 hr. I/M Smith & I/M Brown from laundry duties, were told to go to the supply room to be searched. I/M Smith refused to go. I/M was told more than 3 times to go to the supply room, at that time C/O Moon arrived at the door entering M-M-O. I/M Smith then walked out of the door, when we arrived at the supply room I/M Smith was told to go into the room, but he insisted that he talk with the Sgt. because he is a trustee. I/M was ordered twice more to enter the room. Once inside the room I ordered I/M Smith to remove his clothing for a strip search, I/M refused to comply. I/M was told 2 more times by myself & once by C/O Moon. After the third order was given, I drew my taser and discarged. The tazer probes made contact in the I/M's left hand-middle finger & the second was located in the left upper hip. The second probe did not make contact in the I/M. I/M was ordered to the floor and which time C/O Fitzgerald entered the room, I/M complied. C/O Fitzgerald removed probes & I/M was taken to the clinic where pictures were taken & area of probe contact was cleaned and bandaid applied. I/M was then searched and I/M was escorted back to his pod.

**OFFICER SIGNATURE:** P. Richardson

**PAGE** 2 **OF** 2

*SUPERVISORY TASER USE REPORT*

Date/Time: 10/18/06-2300 TASER Officer's Name: C/O P. Richardson

E-Mail: ________ Department: Houston County Jail

Dept. Address: 901 East Main Street Phone: (334) 712-0762

On Scene Supervisor: Sgt. Kirksey Officer(s) Involved: P. Richardson, S. Moon

TASER Model (check one): ✓ TASER X26 ____ ADVANCED TASER M26
If an ADVANCED TASER M26 Was Used, What Battery Type: ____ Alkaline ____ NiMH

Air Cartridge Type(s): ✓ 21-ft Standard ____ 21-ft XP ____ 15-ft

TASER Serial #: X00-174226 Medical Facility: ________ Doctor: ________

Nature of the Call or Incident: Non-Compliant Inmate Charges: ________ Booked Y / N

Type of Subject: ✓ Human ____ Animal

Location of Incident: ( ) Indoor ( ) Outdoor (✓) Jail ( ) Hospital

Type of Force Used (Check all that apply): ( )Physical( ) Baton(✓)Impact Munition( )Chemical( )Firearm

Nature of the injuries and Medical Treatment Required: No visible injuries

Admitted to hospital for Injuries Y / (N) Admitted to Hospital for Psychiartic Y (N)

Medical Exam: Y (N) Suspect Under the Influence: Alcohol / Drugs (specify): No

Was an Officer/Law Enforcement employee injured other than by TASER? Y (N)

Incident Type (circle appropriate response(s) below):

Civil Disturbance Suicidal Suicide by Cop Violent Suspect Barricaded Warrant (Other)

Age: 23 Sex: M Height: 5'08 Race: B Weight: 130

TASER use: (circle one) Success (Failure) Suspect wearing heavy or loose clothes: Y (N)

Number of Air Cartridges Fired: 1 Number of cycles applied: 1

Usage (check one): ( ) Arc Display Only ( ) Laser Display Only (✓) TASER Application

TASER: Is this a dart probe contact (Y) N Is this a drive stun contact? Y (N)

Approximate target distance at the time of the dart launch: 8 feet

Distance between the two probes: 16 inches Need for additional shot? Y (N)

Did dart contacts penetrate the subject's skin? (Y) N Probes removed on scene (Y) / N

Did TASER application cause injury: Y (N) If yes, was the subject treated for the injury: Y / N

DESCRIPTION OF INJURY:

APPLICATION AREAS
(Place "X's" where probes hit suspect AND "O's" where stunned)




SYNOPSIS:
1 probe MADE contact with the inmate left HAND-MIDDLE FINGER, the other MADE contact in the left hip but did not penetrate. Probe WAS removed, CLEANED area of contact & bandade applied.

Need for additional applications? Y/(N) Did the device respond satisfactory? Y (N)

If the TASER deployment was unsuccessful was a DRIVE STUN follow up used? Y/(N)

Describe the subject's demeanor after the device was used or displayed?
Visibly upset but WAS compliant

Chemical Spray: Y /(N) Baton or Blunt Instrument: Y (N)

Authorized control holds: Y /(N) If yes, what types:

Describe the other means attempted to control the subject:

Photographs taken (Y)/ N Report Completed by: C/O T. Richardson

ADDITIONAL INFORMATION

1. Save this file on your hard drive and for your department archives.
2. Submit this report to the national TASER technology incident database.
3. This information will be submitted to the LACP and NTOA to track use of force. Results of uses are reviewed by TASER Int'l to adjust training issues and concerns as well.
4. If you cannot email, please fax a copy of this report to: (480) 991-0791 Attn: Shawn Spencer (Ph: 800-978-2737 ext. 2077).

HOUSTON COUNTY JAIL
ASSAILANT CONTROL REPORT

| Incident Report # | | | Page 1 of 2 |
|---|---|---|---|
| Location: Supply Room | | | |
| Type Offense: NON-Compliant inmate | | | |
| Assailant(s) Name | Race | Sex | DOB |
| Smith, Jimmie Lee | B | M | 1/29/83 |
| | | | |
| | | | |

| Corrections Officer(s) Name: | Shift |
|---|---|
| P. Richardson | 2ND |
| S. Moon | 2ND |
| K. Fitzgerald | 2ND |

| Assailant Level Of Resistance (check all that apply) | | | Level of Control Compliance (Mechanical Compliance) |
|---|---|---|---|
| X | Not Armed | | Assailant taken to ground |
| | Armed with: | | Assailant hobbled |
| | Other: | | Restraints used: |
| | Hands / Legs | X | Other: TASER Application |
| Grabbed C/O's Equipment | Y (N) | | Assailant Struck C/O Y (N) |
| | | | __Head __Face __Chest __Legs __Back __Arms |

| Injuries (check all that apply) | | | Mechanical Control Countermeasures | |
|---|---|---|---|---|
| C/O | | Assailant | | Chemical Agent |
| X | No visible injuries | X | | Baton |
| | Minor scrapes/bruises | | X | Taser |
| | Hospitalized | | | Other |

Medical Comments:

Additional Comments:

| Photographs (check all that apply) | | C/O | ✓ | Assailant |
|---|---|---|---|---|
| Corrections Officer: P. Richardson | | Date: 10/18/06 | | Shift: 2ND |

OVER

**Date:** 10-19-06 **Page** 2 **of** 2 **Incident Report #**

**Details of Supervisory Investigation:** After Further review of This incident I/m Smith had 4 Chances To Comply with C/O Richardson Order and he refused To do The officer did what he was Trained To do. I Fully STand behind my C/O decision. I/m left him with no other opinion.

E-O-S

**Supervisor:** [signature]

**Lt./Jail Commander:** [signature]

# HOUSTON COUNTY JAIL
# STATEMENT FORM

TIME: 2250-2255 DATE: 10-18-06 PLACE: Houston Co. Jail

I, C/O S. Moon, make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on October / 18 /2006.

At approximately 2250 hrs, as I was entering Docket, I heard loud voices coming from the direction of M-N-O. I started to walk in that direction, and as I did, I heard C/O Richardson say, "Come out of there. You are going to be searched." I heard this order repeated three (3) more times before I arrived at M-N-O.

I stepped into 1211 and observed C/O Richardson and I/m Smith, Jimmie in the hallway. I/m Smith was refusing to submit to a search before rolling in for the night. As he stepped out of 1211, I/m Smith stated that he wanted to see the Seargent. I told I/m Smith that I was not going to call the Seargent. I also told I/m Smith that he was no different from any of the other inmates and that he was going to be searched. I/m Smith stated, "I don't have to do it. I want to see the Seargent." He was again ordered to the supply room across from the laundry room.

cont'd → pg 1

C/O S. Moon
SIGNATURE

October 18, 2006
DATE

# HOUSTON COUNTY JAIL
# STATEMENT FORM

TIME: 2250-2255 DATE: 10-18-06 PLACE: Houston Co. Jail

I, C/O S. Moon, make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on October / 18 /2005.

After this I/m Smith went into the supply room as he had been ordered. In the supply room, C/o Richardson per search procedures, ordered I/m Smith to begin removing his clothing. I/m Smith stated that he wasn't doing it. C/o Richardson ordered I/m Smith a second time. I/m Smith stood there and remained non-compliant. At this time C/o Richardson and I drew our tasers.

I also called C/o Fitzgerald on the radio, and asked him to report to our location and that we had a non-compliant inmate. As C/o Fitzgerald arrived, I gave I/m Smith a third order to comply Adding, "you will not be told again. This is your final compliance order." Again, I/m Smith remained non-compliant.

At this time C/o Richardson and myself activated our tasers and C/o Richardson deployed his.

cont'd → pg 2.

S. Moon
SIGNATURE

October 18, 2006
DATE

# HOUSTON COUNTY JAIL
# STATEMENT FORM

TIME: 2250-2255 DATE: 10-18-06 PLACE: Houston Co. Jail

I, C/O S. Moon, make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on October / 18 /2005.

1 taser prong hit I/m Smith in his Right middle finger. The other prong hit I/m Smith in the left hip. We all ordered him to get down on the floor. I/m Smith Complied and layed down on the floor. I/m Smith Suffered no injuries as a result of the tasing.

C/O Fitzgerald removed the prongs and I/m Smith was taken to the clinic. There C/O Fitzgerald took digital photos of the hit sights and I/m Smith was finally searched.

E. O. S.

pg 3.

S Moon
SIGNATURE

October 18, 2006
DATE

# EXHIBIT H

57598 B/m

Smith, Jimmie Lee

7-6-5
1655

**HOUSTON COUNTY JAIL**
**JAIL DOCKET CARD**

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 57598 | Smith | Jimmie | Lee | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| DPD | 7-6-05 | | | | |

| RISK | STATUS | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|
| | | A | floor | C10Russ/Smith | Cpl. L. Nelms / Williams |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 22 | 1-29-83 | 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 | B | M | 5'8 | 130 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg C3 | Neg J25 | Neg Sgt Banks | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | Will hire. |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| Lowndes Co | 112205 | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 9380 103rd St, Lot 17 | Jacksonville | FL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Patricia Smith | 9380 103rd St. Lot 17 | Jacksonville FL | 904-803-3174 | Mother |

**REMARKS:** 11-22-05 Copy of warrant from Lowndes County attached.

| DID INMATE RECEIVE PHONE CALL? (✓) Y ( ) N | DID INMATE RECEIVE JAIL RULES? (✓) Y |
|---|---|
| INMATE SIGNATURE X Jimmie Smith | INMATE SIGNATURE X Jimmie Smith |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

INMATE # | NAME

| CHARGE | WARRANT # | DC/~~TR~~ | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| 4 PFI 2nd | 05-14340 | 05-2564 | 31 | | |
| BOND ~~10,000~~ Ø | 7-27-05 08:30 A.M | | indt 10/28/5 | | |
| | probation denied to serve thru CC | | | | |

| CHARGE | WARRANT # | DC/~~TR~~ | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| PFI 2nd | 05-14339 | 05-2563 | 32 | | |
| BOND ~~10,000~~ Ø | | | | | |

| CHARGE | WARRANT # | DC/~~TR~~ | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| PFI 2nd | 05-14338 | 05-2562 | 33 | | |
| BOND ~~10,000~~ Ø | | | | | |

| CHARGE | WARRANT # | DC/~~TR~~ | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| PFI 2nd | 05-14337 | 05-2561 | 34 | | |
| BOND ~~10,000~~ Ø | | | | | |

| CHARGE | WARRANT # | DC/~~TR~~ | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|
| P.F.I 2nd | 05-14336 | 05-2560 | 35 | | |
| BOND ~~10,000~~ Ø | | | | | |

# HOUSTON COUNTY
# SHERIFF'S DEPARTMENT
# PROPERTY HOLD

| I/M NUMBER | LAST NAME | FIRST NAME | M.I. |
|---|---|---|---|
| 57598 | Smith | Jimmie | L |

| CASH | HOLD 1 | HOLD 2 |
|---|---|---|
| | | |

OTHER ITEMS:

(1) black head rag, ring, necklace with charm, 2 tickets, paper, money

I DO/DO NOT GIVE MY PERMISSION FOR ALL MY INCOMING MAIL TO BE INSPECTED. I UNDERSTAND THAT IF I DO NOT GIVE MY PERMISSION FOR MY MAIL TO BE INSPECTED, IT WILL BE RETURNED TO SENDER.

X_______________ DATE_______________

I,_______________, MADE APPLICATION TO THE BONDING COMPANY OF MY CHOICE.

X_______________ DATE_______________

I,_______________, RECEIVED FROM THE HOUSTON COUNTY SHERIFF DEPARTMENT ALL MY PROPERTY, AND MONEY UPON RELEASE.

X_______________ DATE_______________

I WAS ALLOWED TO MAKE A PHONE CALL.

X Jimmie Smith DATE 7-6-05

I RECEIVED A COPY OF THE JAIL RULES AND REGULATIONS.

X Jimmie Smith DATE 7-6-05

WITNESS C/O Russ DATE 7-6-05

20050245

**BENCH WARRANT**

NOV 18 2005

LOWNDES SUPERIOR COURT

SEPTEMBER, 2005 - TERM

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CR 1134

COPY

STATE OF GEORGIA

VS.

Jimmie Lee Smith

RACE/SEX B/M

DOB: 1/29/1983

SSN: 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

ADDRESS: 9380 103rd St. Lot 17
Jacksonville, FL 32210-08655

Forgery in the Second Degree (16.9.2)

Executed the foregoing warrant by arresting the defendant, this ______ day of ____________, 2005.

I DO HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY FOUND ON FILE WITH THE LOWNDES COUNTY SHERIFF'S OFFICE.

Theresa Bucciotti

LOWNDES COUNTY, GEORGIA

COPY
I DO HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY FOUND ON FILE WITH THE LOWNDES COUNTY SHERIFF'S OFFICE.
Theresa Picciotti
LOWNDES COUNTY, GEORGIA

BENCH WARRANT

STATE OF GEORGIA

COUNTY OF LOWNDES

TO: ALL AND SINGULAR THE SHERIFFS, DEPUTY SHERIFFS, CONSTABLES AND CORONERS OF SAID STATE.

GREETINGS:

WHEREAS, at the September, 2005 Term of the Superior Court of said County, the Grand Jurors found a True Bill against Jimmie Lee Smith for the offense(s) of Forgery in the Second Degree (16.9.2) and

WHEREAS, at the call of said case on the 18th day of November, 2005, said defendant did not appear in the Superior Court of the aforesaid County as required by law and by the terms of his bond.

NOW THEREFORE, you and each of you are therefore commanded, in the name of the State, to arrest the said defendant and bring him before me to be dealt with as the law directs. Bond is hereby set in the amount of $ NONE .

HEREIN FAIL NOT.

Given under my hand and official signature the 18th day of November, 2005.

Assistant District Attorney
Southern Judicial Circuit

Roy M. Lilly
Senior Judge, Superior Courts
Southern Judicial Circuit

**LOWNDES COUNTY SHERIFF'S OFFICE**
ADMINISTRATION DIVISION
WARRANTS OFFICE
PO BOX 667•VALDOSTA, GA 31603-0667
(229)333-5156•FAX(229)333-5141
ORI GA0920004






# FAX

TO: Houston County Jail Dothan, AL

FROM: Theresa Picciotti

ATTN: Inmate Records/Sgt Davis

PAGES: 3

DATE: November 22, 2005

RE: Name: Jimmie Lee Smith
Race and Sex: B/M
DOB: 01-29-1983
SS#: 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

Comments: Please place a hold/detainer on this subject for our agency. We will pickup/extradite. Please notify our department when subject has signed a Waiver of Extradition and is ready for pickup.

Thank you,

Theresa Picciotti

Theresa Picciotti
Lowndes County Warrants Division

FAX #: 334-671-9479

HOUSTON COUNTY JAIL
RECEIPT OF ARMBAND

I, Jimmie Smith have received an armband from Houston County Jail. I must wear this armband at all times while incarcerated in the Houston County Jail. I understand that I must have the armband on to receive medication, commissary, mail or any other items from the jail staff. If I am caught with out my armband I will receive a sanction. I must turn in this armband upon release from the jail. I can not give this armband to any other inmate.

X [signature]
Inmate Signature

2-1-05
Date

[signature] Walker
C/O Signature

2-1-05
Date

N

HOUSTON COUNTY SHERIFFS OFFICE

INMATE INFORMATION SHEET



BOOKING NO: 050002633 LOCAL ID: 57598

Name : SMITH JIMMIE LEE

Address : 9380 103RD ST. LOT 17

City : JACKSONVILLE State: FL Zip:

## Physical Description

Race : BLACK
Hair : BLACK

Gender: MALE
Eyes: BROWN

Height: 5 ' 08 "
Complexion: UNKNOWN

Weight: 130
DOB: 01/29/1983
Age: 22

Scars/Tattoos:

## Personal Information

DL State :
Home Phone: 904 803 3174

DL Number:
Work Phone:

SSN: 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

SID:

## Booking Information

Arrest Date: 07/06/2005
Booking Officer: RUSS

Arrest Dept: DPD
Booking Date: 07/06/2005

Arrest Offcr: CPL L NELMS/WILLIA
Booking Time: 16:55

Search Offcr:
Facility: 01

Meal Code: 01
Cell Assignment:

## Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| PFI 2ND X4 | $00.00 | 10,000X4 | PENDING |

# HOUSTON COUNTY JAIL
## BOOKING CHECK OFF LIST

DATE: 7-6-05 TIME: 1655

SENIOR CORRECTIONS OFFICER(S) DUTY Sgt. Marsh, Sgt. Bachmann

Inmate Name: Smith Jimmie Lee Inmate Number: 57598

**BOOKING OFFICER MUST INITIAL AFTER COMPLETING EACH ITEM AND SIGN IN THE PROPER SPACE.**

_______ 1. All personal property secured
_______ 2. Check in-house warrants
_______ 3. Check for last incarceration
_______ 4. Arrest report completed by arresting officer
_______ 5. All charges listed on arrest report and bonds listed for each charge
_______ 6. **Bond amount noted on warrant**
_______ 7. All inmate property tagged/placed in envelope
_______ 8. Property envelope completely filled out/signed by inmate
_______ 9. All money counted/logged in money book
_______ 10. Money envelope completed/supervisor counts
_______ 11. SCO calls control and logs money in SCO money book
_______ 12. SCO seals money/places in box
KR 13. **Check for outstanding warrants** ✓ **NCIC** ✓ **Dothan**
_______ 14. Inmate numbers properly assigned
_______ 15. Inmate recorded in black book
_______ 16. Inmate recorded on white pages
_______ 17. **Docket I.D., floor card completed, and bond amount verified on docket card**
_______ 18. Fingerprint card completed
_______ 19. Medical screen completed
_______ 20. Affidavit of hardship completed
_______ 21. Green disposition form completed (FBI)
_______ 22. Property hold form (telephone call, bond applied)
_______ 23. Fingerprinted/photographed/entered in computer
_______ 24. Property card completed
_______ 25. Visitor/Telephone list completed
_______ 26. Inmate handbook received
_______ 27. **Bond completed/amount checked against warrant**
_______ 28. **Correct court date noted on bond**
_______ 29. **Inmate and surety signature on bond**
_______ 30. **All pass on information documented in pass book**

C/O Russ
**Signature of Booking Officer(s)**

Southeastern Printers of Dothan, 334-792-2928

4

# Inmate Sanction/Restriction Documentation

**Inmate Name:** Smith, Jimmie **Date:** 10/18/2006 **Inmate Number:** 57598

**Pod Location:** M-I **Pod/Cell Inmate moved to (If applicable):** ____________

**Type of Restriction/Sanction:** **Date to Begin / Date to End**

2 **Wks** ⊘ **Suspension of Commissary Privileges** 10-30-06 / 11-10-06

2 **Wks** ⊘ **Loss of Visitation Privileges** 10-28-29-06 / 11-04-05-06

____ **Days** ○ **Segregation to Cell** ____________ / ____________

○ **Minimum 72 Hours Cell Restriction** ____________ / ____________

○ **OTHER** Next Sanction I/M will go on L/D

**Note: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt within 24 hour. If appeal form is not received with in the 24 hour period it will be thrown out.**

| **Officer Requesting Sanction/Restriction** | **Officer Authorizing Sanction/Restriction** |
|---|---|
| P. Richardson | Sgt [signature] 10-19-06 |

At appox 2248hr in M-N-O Hallway, I/M Smith was told to return to the supply room to be searched prior to go into his pod. I/M Smith refused to go, he became verbally aggresive stating "you ain't seaching me I'm a trustee, I wanna talk to the Sgt." I/M had to be ordered several times before he complied. Once at the supply room I/M Smith refused to comply with orders given to him to be searched after more than 3 orders were given inmate was tased. I/m is in violation of rules #7 & #11 which state #7 "No inmate will incite any action that will threaten the safety or order of the jail" #11 "No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnell"

E.O.S.

| **Signature of Sgt. /ASCO** |
|---|
| [signature] |

Revised 08/2006
W.B. McCarty
Jail Commander
Lt. K. Rocco
Jail Administrator

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith, Jimmie
DATE: 6-19-06
JAIL NUMBER: 57598
CURRENT CELL: G-5
CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

_____ WKS ○ SUSPENSION OF TELEPHONE PRIVILEGES _____ / _____

1 WKS ⊗ SUSPENSION OF COMMISSARY PRIVILEGES 06-26-06 / 06-30-06

2 WKS ⊗ LOSS OF VISITATION PRIVILEGES 06-24-25-06 / 07-01-02-06

○ MINIMUM 72 HOURS CELL RESTRICTION _____ / _____

○ OTHER _____

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES _____ NO _____

OFFICER REQUESTING SANCTION/RESTRICTION: Richardson

OFFICER AUTHORIZING SANCTION/RESTRICTION: SGT [signature] 06-19-06

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

On 6-19-06 at approx 1920hr. I/M Smith was walking around G-Pop Dayroom without his jumpsuit on. Inmate is in violation of inmate rule #1 which states, #1 "Uniforms (jumpsuits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "Houston County Jail" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

E.O.S.

[signature]
SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith, Jimmy

DATE: 2/20/06

JAIL NUMBER: 57598

CURRENT CELL: A Pod / Cell 2

CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

Records

____ WKS ○ SUSPENSION OF TELEPHONE PRIVILEGES ____ / ____

~~2 WKS ⊗ SUSPENSION OF COMMISSARY PRIVILEGES ____ / ____~~

2 WKS ⊗ LOSS OF VISITATION PRIVILEGES 03/25/06 / 04/45/06

○ MINIMUM 72 HOURS CELL RESTRICTION ____ / ____

○ OTHER ____

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ____ NO ____

| OFFICER REQUESTING SANCTION/RESTRICTION | OFFICER AUTHORIZING SANCTION/RESTRICTION |
| --- | --- |
| C/O Nieves [signature] | T. Walker 02/23/06 |

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

On 2/20/06 at approximately 1940 Hrs. Inmate Smith, Jimmie #57598 was told to stop talking and dancing in front of A Pod's window, communicating with inmate Wilson, Donyle (?) in E Pod. Inmate Smith, Jimmie #57598 was redirected about C/O Nieves V. statement of dancing and talking in front of the window in the dayroom. Until lock in at 2100 Hrs. Officer Brannon, A. whittnessed his actions as well. Inmate Smith, J. was in violation of Houston County Jail Rule #'s 8, 11 which states: No inmate will commit any lewd or indecent sexual act or exhibitions #11 No inmate will interfere with Sheriff's Department personnel nor disobey an order or instructions given by Sheriff's Department personnel.

End of Statement

[signature]

SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

DATE APPEAL SENT 02/23/06

# NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

Inmate Name: Smith, Jimmie HCJ# 57598 POD A-2

Date filing notice of appeal: 02-23-06

On, 2-21, 2006, an Inmate Sanction/Restriction was written by Officer Nieves V,

charging inmate Smith, Jimmie, with a violation of Houston County Jail Inmate Rules and Regulations

# 8, 11.

The circumstances of the violations are: talking to another inmate and dancing in front of the window.

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 2 wks Loss of visitation.

I wish to appeal the decision because: On the night of the 21 first, officer V. Nieves did not work back here that night. So how can he write me up for this. This have to stop this is getting redelicious with this officer writting me up. This is 3rd or 4th one this week from him.

**************DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY******************

On the 24 day of February, 2006, an appeal of the Sanction/Restriction taken against inmate Jimmie Smith was reviewed by Lt. Rocco, and the following action was taken:

APPEAL APPROVED APPEAL DISAPPROVED OTHER ACTION TAKEN: Sanction dismissed

Basis for approval/disapproval of appeal: ______

******************************************************************************************

I hereby certify that a completed copy of the foregoing appeal was served on the above named inmate on the ______ day of 02/27, 2006.

T. Walker

Officer Signature

INMATE SERVED COPY--**YES**

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith, Jimmie
DATE: 2-18-06
JAIL NUMBER: 57598
CURRENT CELL: A 2
CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

____ WKS ○ SUSPENSION OF TELEPHONE PRIVILEGES ____ / ____

____ WKS ○ SUSPENSION OF COMMISSARY PRIVILEGES ____ / ____

1 WKS ⊘ LOSS OF VISITATION PRIVILEGES 03/4 15/06 / ____

○ MINIMUM 72 HOURS CELL RESTRICTION ____ / ____

○ OTHER ____

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ____ NO ____

OFFICER REQUESTING SANCTION/RESTRICTION: Richardson
OFFICER AUTHORIZING SANCTION/RESTRICTION: T. Walker 02/21/06

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

On Saturday 2-18-06 at approx 2150hr. I/M Smith, Jimmie was observed out of his cell walking around A-Pod dayroom. Inmate is in violation of inmate rule #13 which states, "Inmates must roll-in at all roll-in times. Inmates assigned to day room access must be on their mattress at all roll-ins.

E.O.S.

SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith, Jimmie DATE: 2/17/06 JAIL NUMBER: 57598

CURRENT CELL: A Pod / Cell 2 CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION DATES START/END

____ WKS ◯ SUSPENSION OF TELEPHONE PRIVILEGES ____ / ____

~~2 WKS ✗ SUSPENSION OF COMMISSARY PRIVILEGES~~ ____ / ____

2 WKS ✗ LOSS OF VISITATION PRIVILEGES 03/11+12/06 / 03/18+19/06

✗ ~~MINIMUM 72 HOURS CELL RESTRICTION~~ ____ / ____

✗ ~~OTHER 4/0 1 WK. (Multiple Sanctions)~~

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ____ NO ____

OFFICER REQUESTING SANCTION/RESTRICTION: C/O [signature]

OFFICER AUTHORIZING SANCTION/RESTRICTION: T. Walker 03/21/06

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

On 2/17/06 at approximately 1830 C/O Nieves V. was Serving Dinner Trays, Inmate Smith, Jimmie # , was told to Button His Jump Suit. He Has Been Redirected Entire Second Shift to Button His Jump Suit. C/O Brannon witnessed Inmate Smith Jimmy Haveing His Oranges Unbuttoned And Collar up. He was told to Get In Uniform And Did Not Comply. At 2140 Hrs. Inmate Smith, J. was Standing In Front of A Pod Door Jump Suit Unbuttoned And Not Rolled in. Inmate Smith, J. was in Violation of Houston County Jail Rules # 1, 11, 12 which States:

1. Uniforms (jump suits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "**Houston County Jail**" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

11. No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel. SEE BACK OF PAGE FOR RULE #12.

SGT. [signature]
SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

12. No inmate will leave his/her authorized area. Inmates must roll-in to their cells when told to do so. Females must be seated on their bunk.

57598 Records

# HOUSTON COUNTY JAIL
# STATEMENT FORM

TIME: 0335 HRS. DATE: 2/14/06 PLACE: Houston County Jail.

I, 38T05 Victor Nieves, Jr., make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on 2/14/06 Feb @ 0335, ~~2005~~ 2006

On 2/14/06 at approximately 0055 Hrs. C/o Nieves, Victor # 38T05 Went Around To all Pods For Inmates To Sharpen There Pencils. C/o Nieves, Victor opened A Pod's Door And Announced If Anyone Needs Pencils Sharpened Do So Now. Inmate Smith, Jimmie #57598 Came To The Door, C/o Nieves, Victor Instructed Inmate Smith, Jimmie To Fix His Collar On His Jumpsuit, Inmate Smith, J. Stated He was Short and Getting Out Soon, He Did Not Comply with C/o Nieves, V. Directions, However C/o Nieves, V. Did Let Inmate Smith, J. Sharpen His Pencils. Inmate Smith, Jimmie States: C/o Nieves, V. Called Him A "Faggot" I C/o Nieves, Victor Have No Idea what Inmate Smith, J. Is Talking about! The A Pod Door was Shut and C/o Nieves, V. Proceeded To The Next Pod.

End of Statement

[signature] 2/14/06

SIGNATURE DATE

# Inmate Sanction/Restriction Documentation

**Inmate Name:** Smith, Jimmie **Date:** 2/11/06 **Inmate Number:** 57598

**Pod Location:** A Pod / Floor **Pod/Cell Inmate moved to (If applicable):** ____________

**Type of Restriction/Sanction:** **Date to Begin / Date to End**

~~2 Wks ⊘ Suspension of Commissary~~ Privileges ____________ / ____________

1 ~~2~~ Wks ⊘ Loss of Visitation Privileges 2/25 + 2/26 - 06 ____________

_____ Days ◯ Segregation to Cell ____________ / ____________

◯ Minimum 72 Hours Cell Restriction ____________ / ____________

◯ OTHER ____________________________________________

**Note: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction.**

**Officer Requesting Sanction/Restriction** C/O Nieves V. [signature]

**Officer Authorizing Sanction/Restriction** T. Walker 02/14/06

On 2/11/06 at approximately 1655 Hrs. while C/O Nieves, V. was serving Orange PM Meals. Inmate Smith, Jimmie #57598 was told to button his Orange jumpsuit and correct his collar. Inmate did not comply with C/O Nieves V. directives and kept asking C/O Nieves V. did it bother him that his collar was not correct and worn properly. Inmate refused to correct his collar and button his uniform. Inmate was in violation of Houston County Jail Rule # 1 & 11, which states: (11) No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel.

End of Statement

**Violation of Rule #1—Uniforms (jumpsuits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "Houston County Jail" on the outside and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.**

**Signature of Sgt. /ASCO**
Sgt. Jones

# Inmate Sanction/Restriction Documentation

Inmate Name: JIMMIE SMITH Date: 01-13-06 Inmate Number: 57598

Pod Location: C-3 Bottom Pod/Cell Inmate moved to (If applicable): ______

Type of Restriction/Sanction: Date to Begin / Date to End

| | | | |
|---|---|---|---|
| ___ Wks | ○ | Suspension of Commissary Privileges | ______ / ______ |
| 2 Wks | X | Loss of Visitation Privileges | ______ / ______ |
| ___ Days | ○ | Segregation to Cell | ______ / ______ |
| Numerous Sanctions | X | Minimum 72 Hours Cell Restriction | ~~01-19-06 thru 01-22-06~~ 01-21-06 thru 01-24-06 |
| | ○ | OTHER | |

: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| C/O Bullard | T. Walker 1/13/06 |

ON JANUARY 13, 2006, @ APPROX 00:44 WHILE CONDUCTING A CELL SEARCH I/M JIMMY SMITH WAS FOUND IN POSSESSION OF 1- HEAD RAG, 2- COLOGNE BOTTLES, 1- EXTRA BLANKET, ROLLING PAPERS, TOBACCO. I/M IS IN VIOLATION OF RULE #9 Below also found was two armband.

Violation of Rule #9—No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

Signature of Sgt. /ASCO
Sgt. Mack

Revised 09/2005
W.B. McCarty
Jail Commander

DATE APPEAL SENT 01-13-06

# NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

Inmate Name: Smith, Jimmie HCJ# 57598 POD C-3

Date filing notice of appeal: 01-13-06

On, 13 Jan, 2006 an Inmate Sanction/Restriction was written by Officer Bullard.

charging inmate Smith, Jimmie, with a violation of Houston County Jail Inmate Rules and Regulations

# 9

The circumstances of the violations are: Conducting cell search

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 2 wks. Loss of visitation + 72 hours cell restriction. Also numerous of sanction?

I wish to appeal the decision because: I inmate Smith, Jimmie #57598 can admitted to head rag, 2-cologne bottles, 1-extra Blanket. As for as, the rolling papers and tobacco that's not mine, and i am not taking reponsibility for it. After the search, Sgt. Buckman asked who is going to own up to the tobacco and rolling papers; my cell mate, Jonathan Cochran Stated that it was his.

**********DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY******************

On the 19 day of Jan, 2005, an appeal of the Sanction/Restriction taken against inmate Jimmie Smith was reviewed by Commander McCarty, and the following action was taken:

APPEAL APPROVED ~~APPEAL DISAPPROVED~~ (circled: APPEAL DISAPPROVED) OTHER ACTION TAKEN: 

Basis for approval/disapproval of appeal: I/M Smith, your cell mate stated you claimed it -

********************************************************************************

I hereby certify that a completed copy of the foregoing appeal was served on the above named inmate on the 20 day of January, 2006 ~~2005~~.

T. Walker

Officer Signature

INMATE SERVED COPY--YES

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith, Jimmie
DATE: 1/2/06
JAIL NUMBER: 57598
CURRENT CELL: C-3
CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

___ WKS ○ SUSPENSION OF TELEPHONE PRIVILEGES ___ / ___

1 WKS ⊘ SUSPENSION OF COMMISSARY PRIVILEGES ___ / ___

2 WKS ⊘ LOSS OF VISITATION PRIVILEGES ~~01-29/24-06~~ / 02-4/45-06

○ MINIMUM 72 HOURS CELL RESTRICTION ___ / ___

○ OTHER ___

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ___ NO ___

OFFICER REQUESTING SANCTION/RESTRICTION: K. Fitzgerald

OFFICER AUTHORIZING SANCTION/RESTRICTION: T. Walker 01-10-06

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

I/M Smith in violation of Base Rule # 4. This rule states "No inmate will behave in a manner which is disrespectful to Sheriff Dept personnel, other inmates, or visitors." Sgt Brown sent me to C pod in reference to 2 inmates in the dayroom corner possibly horseplaying. Both inmates said to have been swinging mops at each other. I entered the pod (Cap. Stk Taser drawn) and witnessed inmates Jimmy Smith & Aaron Flowers coming out of the corner. I advised both inmates to roll in. While doing so, I/M Smith got upset and at one point told me "SCREW YOU!!" This comment disrespectful to me. I/M also made some other statements from inside the cell.

Sgt R. [signature]
SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

#7

# Inmate Sanction/Restriction Documentation

Inmate Name: Smith, Jimmie Date: 12-12-05 Inmate Number: 57598

Pod Location: C Pod Cell 3 Pod/Cell Inmate moved to (If applicable): ____________

Type of Restriction/Sanction: Date to Begin / Date to End

1 Wks ☒ Suspension of Commissary Privileges ____ / ____

1 Wks ☒ Loss of Visitation Privileges 01-28 + 29-05 / ____

____ Days ◯ Segregation to Cell ____ / ____

◯ Minimum 72 Hours Cell Restriction ____ / ____

◯ OTHER ____________

Note: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| [signature] | T. Walker 12/12/05 |

On 12-12-05 at approx 0245 Hrs. Inmate's Table was Upside And Cls. To Be Clear of all Items. Inmate Smith, Jimmie #57598, was In Violation of Houston County Jail Rule #10, See Below For Details.

End of Statement

Violation of Rule #10—Inmates must maintain their cells and common areas in a clean, sanitary, and orderly condition.

Signature of Sgt. /ASCO
Sgt. [signature] Buchanan

Revised 09/2005
W.B. McCarty
Jail Commander

#6

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: SMITH JIMMIE

DATE: 12-11-05

JAIL NUMBER: 57598

CURRENT CELL: C-3

CELL I/M MOVED TO (IF APPLICABLE)

| | TYPE OF SANCTION OR RESTRICTION | DATES START/END |
|---|---|---|
| ____ WKS | SUSPENSION OF TELEPHONE PRIVILEGES | / |
| 1 WKS | SUSPENSION OF COMMISSARY PRIVILEGES | / |
| 2 WKS | LOSS OF VISITATION PRIVILEGES | 01-14-05 / 01-28-05 |
| | MINIMUM 72 HOURS CELL RESTRICTION | / |
| | OTHER | |

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ____ NO ____

OFFICER REQUESTING SANCTION/RESTRICTION: C/O S Moore

OFFICER AUTHORIZING SANCTION/RESTRICTION: T. Walker 12/12/05

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

ON SUNDAY, 12-11-05, AROUND 1930HRS SGT BONIN AND I WENT INTO C-POD DURING MY WATCH TOUR. WHILE IN C POD A DOOR STOP WAS FOUND IN THE LOCK OF CELL C-3. I/M JIMMIE SMITH #57598 Admitted that the Door Stop was put in the Door BY Him. THIS IS A VIOLATION OF HOUSTON COUNTY JAIL RULE #2 THAT STATES "NO FOREIGN OBJECTS WILL BE PLACED IN THE JAIL DOORS TO KEEP THE DOOR OPEN OR PREVENT LOCKING. ALL INMATES HOUSED IN A CELL WILL BE REQUIRED TO KEEP THE CELL CLEAN AND FREE OF DEBRIS."

E.O.S.

SGT R [signature]

SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

#5

# Inmate Sanction/Restriction Documentation

Inmate Name: Smith, Jimmie Date: 12-10-05 Inmate Number: 57598

Pod Location: C Pod/Cell 3T Pod/Cell Inmate moved to (If applicable): ____________

Type of Restriction/Sanction: Date to Begin / Date to End

| | | | Date to Begin / Date to End |
|---|---|---|---|
| 4 Wks | ⊗ | Suspension of Commissary Privileges | ____ / ____ |
| 4 Wks | ⊗ | Loss of Visitation Privileges | 01-14-06 / ____ |
| ____ Days | ○ | Segregation to Cell | ____ / ____ |
| | ○ | Minimum 72 Hours Cell Restriction | ____ / ____ |
| | ○ | OTHER ____________ | |

Note: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and [mu]st countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| [signature] | T. Walker 12/12/05 |

On 12-10-05 at approx: 0051 hrs. C/o Nevins, V. was Conducting a Tour watch in C-Pod. C/o Nevins, V. Saw Pictures Hanging On the wall in C Pod 3 Top. I/m Smith, Jimmy #57598 was in Violation of Houston County Jail Rule #3 See Below For Details.

End of Statement

Violation of Rule #3—No paper products or any other type product will be placed over cell windows, vents, doors, cell lights or on the walls.

Signature of Sgt. /ASCO
[initials]

Revised 09/2005
W.B. McCarty
Jail Commander

#5

DATE APPEAL SENT 12-12-05

# NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

Inmate Name: Smith, Jimmie HCJ# 57598 POD C-3 B

Date filing notice of appeal: 12-12-05

On, 12-10, 2005, an Inmate Sanction/Restriction was written by Officer Mevies, charging inmate Smith, Jimmie, with a violation of Houston County Jail Inmate Rules and Regulations

# 3.

The circumstances of the violations are: Pictures hanging on the wall.

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 1 wk visitation.

I wish to appeal the decision because: The pictures belong to me Smith, Jimmie #57598 not my roommate Sanders, Nicholas #50448, and they were on the bottom not the top. Inmate Sanders, N. Sanders #50448 sleep on top not bottom, there were no pictures on top bunk, officer Mevies wrote up wrong. But the pictures do belong to me inmate Smith Jimmie not Nicholas Sanders.

************DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY*****************

On the 13 day of Dec, 2005, an appeal of the Sanction/Restriction taken against inmate Smith was reviewed by Sgt Miller, and the following action was taken:

APPEAL APPROVED APPEAL DISAPPROVED (circled) OTHER ACTION TAKEN: ________

Basis for approval/disapproval of appeal: I/m took responsibility for pictures

************************************************************************

I hereby certify that a completed copy of the foregoing appeal was served on the above named inmate on the 14 day of Dec, 2005.

I. Walker
Signature

INMATE SERVED COPY YES (circled)

#4

32

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith Jimmie

DATE: 11-11-2005

JAIL NUMBER: 57598

CURRENT CELL: C-POD /C-5

CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

___ WKS ⬭ SUSPENSION OF TELEPHONE PRIVILEGES

2 WKS ⬭ ~~SUSPENSION OF COMMISSARY PRIVILEGES~~

1 ~~2~~ WKS ⬭ LOSS OF VISITATION PRIVILEGES 12-31-05 / 01-01-06

⬭ MINIMUM 72 HOURS CELL RESTRICTION

⬭ OTHER

THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ___ NO ___

OFFICER REQUESTING SANCTION/RESTRICTION: Richardson

OFFICER AUTHORIZING SANCTION/RESTRICTION: T. Walker 11/14/05

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

On Friday, November 11, 2005 at approx. 1635 I observed I/M Smith, Jimmie #57598 sitting on a table in C-POD Dayroom with a blanket and a headrag on his head. This is a violation of inmate rule number 14 which states.

No inmate will be allowed to wear a cap, scarf, hat, headrag, etc., or anything covering their hair or head.

E.O.S.

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

Sgt Rhu

SIGNATURE OF SGT. OR ASC/O

#2

# Inmate Sanction/Restriction Documentation

Inmate Name: SMITH JIMMY Date: 10-11-05 Inmate Number: 57598

Pod Location: A-1 Pod/Cell Inmate moved to (If applicable): ______

Type of Restriction/Sanction: Date to Begin / Date to End

3 Wks ☒ Suspension of Commissary Privileges ~~11-19-05~~ / ~~12-09-05~~

3 Wks ☒ Loss of Visitation Privileges ~~11-19-05~~ 11-26-27-05 / 12-03-04-05 ~~11-26-07-05~~

____ Days ○ Segregation to Cell ______ / ______

☒ Minimum 72 Hours Cell Restriction ~~10-18-05~~ 10-19-05 / ~~10-21-05~~

○ OTHER ______

Note: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction.

Officer Requesting Sanction/Restriction: C/O S. Moore

Officer Authorizing Sanction/Restriction: [signature] 10/13/05

ON TUESDAY, 10-11-05 AROUND 2255 HRS C/O NIEVES AND I CONDUCTED A SEARCH OF CELL A-1. DURING THIS SEARCH A CONTAINER WITH STYROFOAM CUPS AND Head Rag was Found in I/M SMITH, JIMMY #57598 bunk Area. This IS A Violation of HOUSTON COUNTY JAIL RULE #9 AS STATED BELOW.

Violation of Rule #9—No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

Signature of Sgt. /ASCO: Sgt. Jones

Revised 09/2005
W.B. McCarty
Jail Commander

Appeal Sent 10-13-05



# NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

nmate Name: Smith Jimmie HCJ# 57599 POD A-Pod Cell 2

Date filing notice of appeal: Oct 13, 2005

On, oct 11, 2005, an Inmate Sanction/Restriction was written by Officer S. Moore,

harging inmate Smith, Jimmie, with a violation of Houston County Jail Inmate Rules and Regulations

9 but is suppose to be # 14.

The circumstances of the violations are: a headrag & styro foam cups.

anction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 3 wks commissary & wks visitation & 72 Hours Cell Restriction.

to appeal the decision because: In the rule book it is # 14 not # 9 and the styro foam cups was from breakfast that morning. If you can come see the cups r on my table. Thank You.

*************DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY*******************

n the 17 day of Oct, 2005, an appeal of the Sanction/Restriction taken against inmate Jimmie Smith was reviewed by Commander McCarty, and the following action was taken:

PPEAL APPROVED APPEAL DISAPPROVED (circled) OTHER ACTION TAKEN: ____

asis for approval/disapproval of appeal: Appeal denied

***************************************************************************

ereby certify that a completed copy of the foregoing appeal was served on the above named inmate on the 18 day of Oct, 2005.

T Walker

fficer Signature

INMATE SERVED COPY X

#1

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Smith, Jimmy
DATE: 10·11·05
JAIL NUMBER: 57598

CURRENT CELL: A Pod Cell 1
CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

____ WKS ◯ SUSPENSION OF TELEPHONE PRIVILEGES ____ / ____

~~2~~ 1 WKS ⊘ SUSPENSION OF COMMISSARY PRIVILEGES 10-29-05 / ~~11-14-05~~

~~3~~ 1 WKS ⊘ LOSS OF VISITATION PRIVILEGES 10-29&30-05 / ~~11-12&13-05~~ 11-~~05&06-05~~

◯ MINIMUM 72 HOURS CELL RESTRICTION ____ / ____

◯ OTHER ____

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ____ NO ____

OFFICER REQUESTING SANCTION/RESTRICTION: C/O Nunes, V.

OFFICER AUTHORIZING SANCTION/RESTRICTION: [signature] 10/3/05

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

On 10·11·05 at approx: 1900 Hrs. Inmate Smith, Jimmy # 57598 was In A Pod on The Day Area Passing Domino's Into B Pod To Inmate Dudley, T. #56413 This action was witnessed by C/O Nunes, V. And C/O Nunes, V. went Into The B Pod And Retrieved The Dominos That were on The Floor. I/m Smith, J. #57598 was In Violation of Houston County Jail Rule # 17 which States: No Inmate will Pass Any Item From One Pod To Another. End of Statement

SIGNATURE OF SGT. OR ASC/O: Sgt. Jones

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

#1

Appeal Sent 10-13-05

# NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

Inmate Name: Jimmie L. Smith HCJ# 57598 POD A-Pod cell 1

Date filing notice of appeal: Oct 13, 2005

On, Oct 11, 2005, an Inmate Sanction/Restriction was written by Officer Neeves V., charging inmate Smith, Jimmie, with a violation of Houston County Jail Inmate Rules and Regulations # 17

The circumstances of the violations are: 3 wks commissary privileges and 3 wks loss of visitation privileges

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: Passing items from pod to pod.

I wish to appeal the decision because: I inmate Smith, Jimmie #57598 was just setting on the table watching T.V. Inmate Wilson, Tony was passing from pod to pod and he have attmed to it on his appeal and it states in the rule books if a inmate attmt to it the other will not be charged. Thank You

***********DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY*****************

On the 17 day of Oct, 2005, an appeal of the Sanction/Restriction taken against inmate Jimmy Smith was reviewed by Commander McCarty and the following action was taken:

APPEAL APPROVED APPEAL DISAPPROVED (circled) OTHER ACTION TAKEN: __________

Basis for approval/disapproval of appeal: I/M Jimmie L. Smith Appeal denied, however 1 week loss of Commissary and 1 week loss of Visitation privileges.

****************************************************************************

I hereby certify that a completed copy of the foregoing appeal was served on the above named inmate on the 18 Oct, 2005.

T. Wall

Officer Signature

INMATE SERVED COPY X

#3

# Inmate Sanction/Restriction Documentation

Inmate Name: SMITH JIMMY Date: 10-11-05 Inmate Number: 57598

Pod Location: A-1 Pod/Cell Inmate moved to (If applicable): ______

Type of Restriction/Sanction: Date to Begin / Date to End

2 Wks X Suspension of Commissary Privileges 12-10-05 / 12-19-05

2 Wks X Loss of Visitation Privileges 12-10 11-05 / 12-17 18-05

____ Days ○ Segregation to Cell ______ / ______

Due to 3 sanctions X Minimum 72 Hours Cell Restriction 10-21-05 / 10-24-05

○ OTHER ______

Note: The Sgt. /ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction.

Officer Requesting Sanction/Restriction: C/O S Moore

Officer Authorizing Sanction/Restriction: [signature] 10/13/05

ON TUESDAY 10-11-05 AROUND 2255 HRS C/O NIEVES AND I CONDUCTED A SEARCH OF CELL A-1. DURING OUR SEARCH I FOUND I/m SMITH, Jimmy #57598 Identification bracelet in his drawer in Cell A-1. THIS IS a violation of HOUSTON COUNTY JAIL RULE #18 AS STATED BELOW.

Violation of Rule #18—Inmates must wear identification arm band at all times.

Signature of Sgt. /ASCO: Sgt. Jones

Revised 09/2005
W.B. McCarty
Jail Commander

# I.MATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: SMITH, JIMMIE DATE: 10-4-05 JAIL NUMBER: 57598

CURRENT CELL: A1 CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION — DATES START/END

______ WKS ◯ SUSPENSION OF TELEPHONE PRIVILEGES ______ / ______

______ WKS ◯ SUSPENSION OF COMMISSARY PRIVILEGES ______ / ______

18 WKS ☒ LOSS OF VISITATION PRIVILEGES 10-849-05 / ———

◯ MINIMUM 72 HOURS CELL RESTRICTION ______ / ______

◯ OTHER ______

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES ______ NO ______

| OFFICER REQUESTING SANCTION/RESTRICTION | OFFICER AUTHORIZING SANCTION/RESTRICTION |
|---|---|
| R. Causey | [signature] OCT 05 2005 |

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

While conducting the morning floor check, the above named inmate was found to not be in compliance with the Living Area Requirement section of the Inmate Rules and Regulations. Bunks will be in compliance during the following hours of 8:00 A.M. to 9:00 P.M. See example below:

EXAMPLE LIVING AREA REQUIREMENTS

CHECK DONE 0847 HRS




NON-COMPLIANCE OF RULES LISTED BELOW MAY RESULT IN SANCTION/DISCIPLINARY ACTION

BUNKS WILL BE IN COMPLIANCE WITH (ABOVE) EXAMPLE DURING THE FOLLOWING HOURS:
8:00 A.M. TO 9:00 P.M. MONDAY THROUGH FRIDAY
7:30 A.M. TO 9:00 P.M. SATURDAY AND SUNDAY

***NOTE: THE OFFICER WILL CHECK YOUR CELL BEFORE THE INMATE IS ALLOWED TO "ROLL-OUT" OF THE CELL. IF THE INMATE'S CELL IS NOT IN AN ORDERLY MANNER, THE INMATE WILL REMAIN ON LOCKDOWN AND RECEIVE A SANCTION/RESTRICTION.

EACH INMATE WILL KEEP HIS/HER AREA CLEAN AND CLEAR OF LITTER.
NO ITEMS UNDER BUNKS EXCEPT SHOES, AND SHOES MUST BE ALIGNED AT THE END OF THE BUNK.

B.R.
SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: SMITH JIMMY DATE: 7-14-05 JAIL NUMBER: 57598

CURRENT CELL: A-1 CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION DATES START/END

_____ WKS SUSPENSION OF TELEPHONE PRIVILEGES _____ / _____

_____ WKS SUSPENSION OF COMMISSARY PRIVILEGES _____ / _____

_____ WKS LOSS OF VISITATION PRIVILEGES _____ / _____

~~X~~ MINIMUM 72 HOURS CELL RESTRICTION ~~7-22-05~~ / ~~7-25-05~~

OTHER Sanction dismissed

NOTE: THE SC/O, OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL? YES _____ NO _____

OFFICER REQUESTING SANCTION/RESTRICTION: A. Munn

OFFICER AUTHORIZING SANCTION/RESTRICTION: [signature] 7-15-5

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

At approximately 0708 while conducting count, I/M Jimmy Smith had a spoon stuck in lock of cell door A-1. At that time all cell doors should have been secured. I/M Smith is in violation of Rule #2 which states...... (SEE BELOW)

This is the second offense for this inmate.

02. WHEN FOREIGN OBJECTS ARE WILLFULLY PLACED IN THE CELL DOORS FOR THE PURPOSE OF BLOCKING THE LOCKING DEVICE, KEEPING THE DOOR HELD OPEN OR DESTROYING THE LOCKING DEVISE, IF THE ACT CANNOT BE ASSOCIATED WITH A PARTICULAR CELL INHABITANT, ALL OCCUPANTS OF THE CELL WILL BE HELD RESPONSIBLE. SINCE IT IS A JAIL REQUIREMENT THAT EACH INMATE KEEP HIS/HER CELL IN PROPER ORDER, FAILURE TO REMOVE FOREIGN OBJECTS FROM THE LOCKING DEVICE WILL BE CONSIDERED AS FAILURE TO OBEY THE RULES. THE APPROPRIATE PUNISHMENT WILL BE ENFORCED FOLLOWING DISCIPLINARY PROCEEDINGS.

SIGNATURE OF SC/O OR ASC/O

REVISED 07/2003 PER WILL McCARTY, JAIL COMMANDER

The Rule 02 states if the act cannot be associated with a paticular cell inhabitant. All ~~[illegible]~~ Occupants of the cell will be Held responsible. My roommate admitted on his Appeal

# NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

Inmate Name: Jimmy Smith. HCJ# 57598 POD A Cell 1

Date filing notice of appeal: 7-16-05

On, 7-14-05, 2005, an Inmate Sanction/Restriction was written by Officer Munn, charging inmate Jimmy Smith, with a violation of Houston County Jail Inmate Rules and Regulations

# 2

The circumstances of the violations are: That I was accused of putting a object in the door when my room mated admitted it was him who put it in there on his appeal.

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 72 hrs Cell restriction

I wish to appeal the decision because: My room mate admitted he put it in the door, And plus it's my first sanction ever I was not about to aruge with him because he has been in ~~the cell before me and I was told to go in there and he's way~~ bigger so I let him do as he feel and I do as I feel Cause its both our Cell But I don't think its right I get punished when he Admitting it on his appeal and it's my first sanction ever in here and I didn't put it in th door

**********DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY**********

On the 18 day of July, 2005, an appeal of the Sanction/Restriction taken against inmate Jimmy Smith was reviewed by Commander McCarty, and the following action was taken:

APPEAL APPROVED APPEAL DISAPPROVED OTHER ACTION TAKEN: Sanction Dismissed

Basis for approval/disapproval of appeal: I/M's Roommate admitted he placed spoon in lock-

******************************************************************************

I hereby certify that a completed copy of the foregoing appeal was served on the above named inmate on the 18 day of July, 2005.

[signature]

Officer Signature

INMATE SERVED COPY X

# INMATE GRIEVANCE FORM

DATE: 10-18-06, 2006 POD/CELL LOCATION: M-1

INMATE NAME: Smith, Jimmie INMATE NUMBER: 57598

NATURE OF GRIEVANCE OR INFORMATION: On oct. 18-2006 around 10:45 p.m. my self I/m Smith, Jimmie, and I/m Brown, Jeremy was comeing in for the night from our job duites As we saw officer P. Richerson put I/m Uber, Racher down. Then we came in Door 12 to come in, after officer P. Richerson put I/m Uber, Racher into O-Pod. My self and I/m Brown, Jeremy was told to put our things down and come on. As I/m Brown, Jeremy turn around to walk off. I stated how come we ~~have to be~~ cant be patted down why we have to leave. Officer P. Richerson then stated you will do as i say, so I/m smith put your things

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I would like a for investergation on them 3 officers 138, 169, and P. Richerson, about them taser. I really dont think it was right how they did me. All i said was i dont think that's right I have two withness I/m Brown, Jeremy and officer S. Edestien how they did me. If all this comes out right I ask that the main one that shot me be suspended and will not be allowed to have a taser for a week. Then the other two, be on suspendon from carcing a taser for a week. The jail has had problems all ready with them and them taser. All i ask is for a for investegation. Thank You I/m Smith, Jimmie

OFFICER RESPONSE OR FINDING?

SGT. ON DUTY RESPONSE: I/M Smith- your allegations will be investigated. 10/19/06 [signature]

* * * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 10/19/06

CORRECTIONS OFFICER SIGNATURE: [signature]

INMATE SIGNATURE: [signature]

# INMATE GRIEVANCE FORM

DATE: 2-23, 20056 POD/CELL LOCATION: A-2

INMATE NAME: Smith, Jimmie INMATE NUMBER: 57598

NATURE OF GRIEVANCE OR INFORMATION: On the night of the 21 first of Feb Officer V. Nieves was rover i guess. Well he wrote me up on a sanction, for talking and dancing in front of the window. Well i dont think is right because the officer did not work back here. And if that is the case why didn't officer Brannon ~~did not~~ write me up for that.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I would like for all of this madess to stop. This is getting reiklicious with officer V. Nieves, writting me up for crazy reason. Some one need to talk to him. This has to stop.

OFFICER RESPONSE OR FINDING?

SGT. ON DUTY RESPONSE: I/M Smith: The allegations against C/o Nieves are presently under investigation. 2/27/06 Lt. K Raco

* * * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 2-27-2006

CORRECTIONS OFFICER SIGNATURE: D. Richard

INMATE SIGNATURE: [signature]

# INMATE GRIEVANCE FORM

DATE: 02-14-06, 2006 POD/CELL LOCATION: 17-2

INMATE NAME: Smith, Jimmie INMATE NUMBER: 57598

NATURE OF GRIEVANCE OR INFORMATION: Rigth before roll in round 8:55 p.m on the night of Feb, 14, 2006 officer V. Nevies, brath the pencil shraper around to shraping pencils. Well in line waitting as i got up there to shrapen my pencil officer V. Nevies stated hur up Faget. I dont think that is right for a officer to call some one out a name for no reason. I dont know why he is down my back. He is all ways writting me up for crazy reason. Like he wrote me up for my collar not been turn down. come on that's crazy. If you can look back and see, he have wrote me up so many times, for crazy things.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? So one need to sit down and talk to him, and tell him to leave his attitude at home, and dont bring it to work. Also he needs a break from back here, because when he is back here all he do is try and fine something to write me up for. Also i have wrote him up for something happen a few days ago, and the A. Pod had sign it. No respon yet. So if something can stop all of this crazyess i will be glad. If not i am going to take it to the next lever. By writting my familiey and the sherriff should be notified about this officer. Because i feel he could hurt me one day, just because he is a officer.

OFFICER RESPONSE OR FINDING?

SGT. ON DUTY RESPONSE: I/M Smith: Your allegation of C/o Nieves is being investigated. Name calling and demeaning slurs will not be tolerated or condoned. This applies to staff and inmates alike. 2/21/06 Lt [signature]

* * * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 2-21-06

CORRECTIONS OFFICER SIGNATURE: Russ

INMATE SIGNATURE: Jimmie L. Smith

# INMATE GRIEVANCE FORM

DATE: Feb. 11, 2006 POD/CELL LOCATION: A - Pod

INMATE NAME: A-Pod population Jimmie L. Smith INMATE NUMBER: 57598

NATURE OF GRIEVANCE OR INFORMATION: C/O Nevies blatantly discriminates against inmates in general. He is very beligirant and indignant towards inmates in A-Pod specifically. When he arrives on shift he comes directly to A-Pod and does his best to provoke confrontation with the Pod. He has the T.V. turned off for no apparent reason. He communicates with everyone with an attitude of disrespect. An example of his misuse of authority is he allowed the inmates to get a blue bunk for floor and told one inmate (namely) Jimmy Smith # 57598 he couldn't get and did not have a justifiable reason to do so. Then after confronting A-Pod precaled to spray another inmate in the face about a blue bunk which we all witnessed.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

When we as an inmate population show respect to the administration and in return become disrespected and abused by one particular Officer That Officer becomes a security breach and C/O Nevies fits that criteria and he is prompting a revolt if His use of authority is not either reprimanded or taken. He has no social skills in order to deal with inmates. We want action or action will be taken against Him personally. This is in reference to litigation on the Houston County Jail Admin. Inmates in agreement sign below.

OFFICER RESPONSE OR FINDING?

1. Jimmie L. Smith #57598
2. Romer Laston [redacted]
3.
4. Lindsay Brown #56617
5. Randall Sattler #45895
6. Don Branch 41438
7. Corey Johnson 58271
8. Shawn Callins 56434

SGT. ON DUTY RESPONSE:

9. Robert Lee Williams Jr / [illegible]
10. [illegible] / 57566
11. [illegible] 57883
12. [illegible] 39619 He Threatened me not 3 minutes Before said incedent.
13. Freddie Thomas #39196
[illegible] 50030
5 Charles [illegible] 45351
10 James Marshall 54747

Lt. Rocco and Cmdr. McCarty spoke with I/M Smith 2/16/06 in regards to this issue - will look into this - Commander McCarty 2/16/06

* * * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 2-21-06

CORRECTIONS OFFICER SIGNATURE: Russ

INMATE SIGNATURE: Jimmie L. Smith

# INMATE GRIEVANCE FORM

DATE: 01-13, 2006 POD/CELL LOCATION: C-3

INMATE NAME: Smith, Jimmie INMATE NUMBER: 57598

NATURE OF GRIEVANCE OR INFORMATION: False statement submitted by Sgt. Marsh. On the 13th of Jan 06, Sgt. Marsh charge me, Jimmie Smith of possession of porngraphic material, a piece of metal off a lighter, and a extra laundry bag. These violations were written up on Jonathan Cochran. The porngraphic material was in Jonathan Cochran shoes and the piece of metal was on his bed. As far as the extra laundry bag, It was not mines.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? In the future, Sgt Marsh should not write-up one inmate and falsy accuse another inmate on that same sanction, ie Jimmie Smith on Jonathan Cochran Sanction. I truly hope that Justice will be served.

OFFICER RESPONSE OR FINDING? ~~I/m Smith you are~~

SGT. ON DUTY RESPONSE: 1/13/06 I/m Smith you are correct, I did put the wrong name on the sanction. I apologize for that. I will write a note Mrs. Walker to let her know what happened. Hopefuly we can get this taken care of. Sgt. Marsh

You will still lose your visits for the no arm band.

* * * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 1/14/06

CORRECTIONS OFFICER SIGNATURE: X C. Jackson

INMATE SIGNATURE: X Jimmie Smith

**INMATE REQUEST FORM**

Date: 1-21-06 INMATES # 57598 - C Pod

To: Sgt. Marsh C/O SIGNATURE Dye

From: Jimmie L. Smith SR C/O SIGNATURE

**NATURE OF REQUEST** To talk to you as soon as possible Thank You

**ACTION TAKEN** 1/21/06 Done Sgt. Marsh

X Jimmie Smith

Houston Printing Co., Inc. • Form #5135 • Rev. 3-98 WO#54

**INMATE REQUEST FORM**

Date: 6-12-06 A-unit INMATES # 57598 A 2

To: Sgt Buchmann C/O SIGNATURE Sapp

From: Jimmie Smith SR C/O SIGNATURE

**NATURE OF REQUEST** I need to speak with you tonight when you have time about A-H clean up.

**ACTION TAKEN** 06-13-06 I'll be down there with the library tonight. You can speak to me at that time. Sgt Buchmann

X Jimmie L. Smith

**INMATE REQUEST FORM**

Date: 01-01-06

INMATES # 57598 C-Pod

To: Docket / Records

C/O SIGNATURE [signature]

From: Jimmie L. Smith

SR C/O SIGNATURE Jones

NATURE OF REQUEST To Find out when i go to court, and also how much is my Bond Thank You

ACTION TAKEN You was Indt. 10/28/05 on all 5 of your cases 5 x 10,000.00 is your bond. We have no current court date. [signature] 9/2/06 ET

Houston Printing Co., Inc • Form #5135 • Rev 3-98 WO#54

C-3

**INMATE REQUEST FORM**

Date: 1-20-06

INMATES # 57598 C-Pod

To: Sgt. Buchman

C/O SIGNATURE Sapp

From: Jimmie L. Smith

SR C/O SIGNATURE Jones

NATURE OF REQUEST I need to talk to you as soon as possible. Thank You.

ACTION TAKEN 1/21/06 Done Sgt. Marsh

X [signature]

INMATE REQUEST FORM

ate: 11-12-05 INMATES # 57598 C-Pod

o: Mrs. Walker C/O SIGNATURE S. Moon

rom: Jimmie L. Smith SR C/O SIGNATURE

ATURE OF REQUEST To get a print out of a account summary

Thank You. Jimmie Smith

CTION TAKEN 11/14/05 I/m Smith Printout Attached

INMATE REQUEST FORM

Date: 12-28-05 INMATES # 57598 C-Pod

To: Skelton C/O SIGNATURE

From: Jimmie L. Smith SR C/O SIGNATURE Jones

NATURE OF REQUEST I need a matress cover. Thank You

ACTION TAKEN where or what is wrong with the one you were issued? E. Skelton 12-29-05

**INMATE REQUEST FORM**

Date: 9-20-05 INMATES # 57598 A-Pod

To: Records C/O SIGNATURE

From: Jimmie L. Smith SR C/O SIGNATURE BR

NATURE OF REQUEST I have 2 tickets at the city can some one let them know well i am here so i can take care of them. And Also can you let me know when i go to court for the county.

ACTION TAKEN Request faxed to City Magistrate.

[signature]

Houston Printing Co., Inc. • Form #5135 • Rev. 3-98 WO#54

**INMATE REQUEST FORM**

Date: 10-5-05 INMATES # 57598 A-Pod

To: ~~Records~~ Docket C/O SIGNATURE Russ

From: Jimmie L. Smith SR C/O SIGNATURE Jones

NATURE OF REQUEST To find out if i got a court date, And how much is my bond?

Thank You

ACTION TAKEN No Court Date At this time - You have (5) 10,000 Bonds

10/8/05
Jones

X [signature]

## INMATE REQUEST FORM

Date: 9-6-05 INMATES # 57598 A-Pod

To: Sr Turner C/O SIGNATURE Sapp

From: Jimmie Smith SR C/O SIGNATURE Jones

NATURE OF REQUEST To go to the law library to ~~look~~ look up my cases.

Thank you

ACTION TAKEN Done 9/19/05

X Jimmie Smith

Houston Printing Co., Inc • Form #5135 • Rev. 3-98 WO#54

## INMATE REQUEST FORM

Date: 9-14-05 INMATES # 57598 A-Pod

To: Docket C/O SIGNATURE Smith

From: Jimmie L. Smith SR C/O SIGNATURE Jones

NATURE OF REQUEST To call my Bond's man to come see me the # is 334-712-9988 at A-Advantage Bonding ~~[illegible]~~ his name is Dale Quattlebaum. Thank You

ACTION TAKEN 9/15/05 Done - Left message with Ed 40 Mill

X Jimmie Smith

**INMATE REQUEST FORM**

Date: August 23 2005
INMATES # 57598 A-Pod
To: Docket
C/O SIGNATURE C/O K. Moore
From: Jimmie Smith
SR C/O SIGNATURE

NATURE OF REQUEST To see if I have any holds on me.

ACTION TAKEN No, you do not

X Jimmie Smith

T. Sinclair 8-26-05

Houston Printing Co., Inc. • Form #5135 • Rev. 3-98 WO#54

**INMATE REQUEST FORM**

Date: 8-25-05
INMATES # 57598 A-Pod
To: ~~Docket~~ C/o Reed
C/O SIGNATURE
From: Jimmie L. Smith
SR C/O SIGNATURE

NATURE OF REQUEST Is it possible that some one could stop sending my mail all over the jail, because i got a letter one day this week & my mom said in the letter that they send me some money but i have not got it yet. I know that is is a nother Jimmie Smith in this jail in M-Pod.
Thank You

ACTION TAKEN
Your mail goes to A pod where you are located@. Have who ever is writing you to put the correct pod on your letters and you won't have any problems. 8/29/05 X Jimmie Smith

App'(9-1)

**INMATE REQUEST FORM**

Date: July 28 2005

INMATES # 54598

To: ~~City Magistrate~~ Docket

C/O SIGNATURE Baxter

From: Jimmie Smith

SR C/O SIGNATURE

**NATURE OF REQUEST** I have 2 tickets For the City. I was wondering if I could get put on Court Docket soon because I am going to bond out of the County jail soon. If not could I get my Court Date

**ACTION TAKEN** The city will call us with your court date, if you bond out before then, call over there and ask them to set you one if they could.

x [signature] T. Smith 7-31-05

Houston Printing Co., Inc. • Form #5135 • Rev. 3-98 WO#54

**INMATE REQUEST FORM**

Date: 8/10/05

INMATES # 54598

To: Docket

C/O SIGNATURE [signature]

From: Jimmie Smith

SR C/O SIGNATURE

**NATURE OF REQUEST** To see when is my court date and to see if I have a lawyer,

**ACTION TAKEN** 8-10-05 We don't have any new court dates listed at this time.

X [signature]

# HOUSTON COUNTY SHERIFF'S DEPT.
# LAMAR GLOVER, SHERIFF

VISITATION LIST

**Last Name** Smith **First Name** Jimmie

**Floor Location** A-2 **Date** 2-23-06 **I/M #** 57598

**VISITORS**

1. Smith, Patricia
2. McGougin, Chris
3. Ballew, Mark
4. ~~Whitehead~~ Smith, Latricia
5. Davis, Patrice
6. Graves, Kemarc
7.
8.

**BANNED**

1.

**BANNED**

2.

NOTE TO ALL INMATES:

This is a permanent visitation list. New lists will be issued every three (3) months (March, June, September and December). Names will not be added or deleted from this list.

You are not allowed to have more than two (2) visitors per visitation day. Children, no matter their age, are counted as one (1) visitor. There are no exceptions to this rule.

Every visitor must have a valid ID in order to visit.

Anyone over the age of sixteen (16) must have a valid picture ID in order to visit.

Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M SIGNATURE Smith, Jimmie D. DATE

C/O SIGNATURE [signature] DATE 2/23/06

Sept. 05

HOUSTON COUNTY SHERIFF'S DEPARTMENT

LAMAR GLOVER, SHERIFF

VISITING LIST

NAME Smith, Jimmie INMATE# 57598.

FLOOR LOCATION A-Pod cell 1 DATE 9-02-05

VISITORS NAME

1. Smith, Patricia 1. Davis, Patrick

2. Ballew Mark 2. Graves, Karmaie

3. Haines, Andre 3. Whitehead, Troy

4. Davis, Patrice 4. Whitehead, Keyon

BANNED

1.______ 2.______

NOTE

THIS IS A PERMANENT VISITING LIST. IT MAY ONLY BE CHANGE AFTER SIX(6)MONTHS. YOU WILL BE ALLOWED A TOTAL OF (8) NAMES ON YOUR VISITING LIST, BUT YOU WILL BE ALLOWED TWO (2) VISITORS TO COME ON YOUR VISITING DAY, CHILDREN (NO MATTER THEIR AGE, COUNT AS ONE VISITOR), AND THERE WILL NOT BE ANY EXCEPTIONS TO THIS RULE. EVERY VISITOR MUST SHOW THEIR VALID PICTURE IDENTIFICATION (DRIVER'S LICENSE/STATE IDENTIFICATION CARD), WITH THE EXCEPTION OF CHILDREN UNDER THE AGE OF SIXTEEN(16), WHO MAY USE THEIR SOCIAL SECURITY CARD.

I HAVE READ THE ABOVE STATEMENTS AND I HAVE LISTED MY (8) VISITORS NAME ABOVE.

I/M SIGNATURE Jimmie Smith DATE 9-02-05

C/O SIGNATURE Walker DATE______

57598
10-20-06

ACR359

COPY

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2005 001775.00 01
SIDNEY E. JACKSON

CIRCUIT COURT OF HOUSTON COUNTY — COURT ORI: 038015 J

STATE OF ALABAMA VS.
SMITH JIMMIE LEE
C/O HCJ
901 E MAIN ST
DOTHAN AL 36301

ALIAS:
ALIAS:

DC NO: DC 2005 002560.00
G J: 031-10
SSN: 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
SID: 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
AIS: 000000

DOB: 01/29/1983 SEX: M HT: 5 08 WT: 130 HAIR: BLK EYE: BRO
RACE: ( )W (X)B ( )O COMPLEXION: ______ AGE: ____ FEATURES: ______

DATE OFFENSE: 07/06/2005 ARREST DATE: 10/29/2005 ARREST ORI: 0380100

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 08/02/2006 |
| | | 00 | | | 00/00/0000 |
| | | 00 | | | 00/00/0000 |

JUDGE: SIDNEY E. JACKSON PROSECUTOR: BINFORD HENRY D

PROBATION APPLIED (X)Y( )N 8-2-06 GRANTED ( )Y(X)N DATE 9-13-06 REARRESTED ( )Y( )N DATE ______ REVOKED ( )Y( )N DATE ______

15-18-8, CODE OF ALA 1975
( )Y (X)N

| | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT: | 05 00 000 | 00 00 000 | 05 00 000 | 00 00 435 |
| PROBATION : | 00 00 000 | | 00 00 000 | |

DATE SENTENCED: 08/02/2006 SENTENCE BEGINS: 09/13/2006

PROVISIONS

PENITENTIARY
CONCURR SENT

| COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $500.00 | $500.00 |
| CRIME VICTIMS | $750.00 | $750.00 |
| COST | $273.00 | $273.00 |
| FINE | $1500.00 | $1500.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $3023.00 | $3023.00 |

| APPEAL DATE | SUSPENDED | AFFIRMED | REARREST |
|---|---|---|---|
| ( )Y(X)N ______ | ( )Y( )N ______ | ( )Y( )N ______ | ( )Y( )N ______ |

REMARKS:

THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND IS TRUE AND CORRECT.

*AMENDED* DEFT REMOVED FROM HOUSTON COUNTY CCO, SENT TO CUSTODY OF THE ALABAMA DEPT OF CORRECTIONS TO SERVE THE REMAINDER OF HIS SENTENCE

Judy Byrd
JUDY BYRD
10/19/2006

OPERATOR: JIS
PREPARED: 10/19/2006



ACR359

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2005 001776.00 01
SIDNEY E. JACKSON

CIRCUIT COURT OF HOUSTON COUNTY — COURT ORI: 038015 J

STATE OF ALABAMA VS.
SMITH JIMMIE LEE
C/O HCJ
901 E MAIN ST
DOTHAN AL 36301

ALIAS:
ALIAS:

DC NO: DC 2005 002561.00
G J: 32-10
SSN: 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
SID: 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
AIS:

DOB: 01/29/1983 SEX: M HT: 5 08 WT: 130 HAIR: BLK EYE: BRO
RACE: ( )W (X)B ( )O COMPLEXION: ________ AGE: _____ FEATURES: _______

DATE OFFENSE: 07/06/2005 ARREST DATE: 10/29/2005 ARREST ORI: 0380100

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 08/02/2006 |
| | | 00 | | | 00/00/0000 |
| | | 00 | | | 00/00/0000 |

JUDGE: SIDNEY E. JACKSON PROSECUTOR: BINFORD HENRY D

PROBATION APPLIED (X)Y( )N 8-2-06 GRANTED ( )Y(X)N DATE 9-13-06 REARRESTED ( )Y( )N DATE ________ REVOKED ( )Y( )N DATE ________

15-18-8, CODE OF ALA 1975 ( )Y (X)N

| | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT: | 05 00 000 | 00 00 000 | 05 00 000 | 00 00 435 |
| PROBATION : | 00 00 000 | | 00 00 000 | |

DATE SENTENCED: 08/02/2006 SENTENCE BEGINS: 09/13/2006

PROVISIONS

PENITENTIARY
CONCURR SENT

| COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $500.00 | $500.00 |
| CRIME VICTIMS | $750.00 | $750.00 |
| COST | $273.00 | $273.00 |
| FINE | $1500.00 | $1500.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $3023.00 | $3023.00 |

APPEAL DATE ( )Y(X)N ________ SUSPENDED ( )Y( )N ________ AFFIRMED ( )Y( )N ________ REARREST ( )Y( )N ________

REMARKS:

THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND IS TRUE AND CORRECT.

*AMENDED* DEFT REMOVED FROM HOUSTON COUNTY CCO, SENT TO CUSTODY OF THE ALABAMA DEPT OF CORRECTIONS TO SERVE THR REMAINDER OF HIS SENTENCE

Judy Byrd
JUDY BYRD
10/19/2006

OPERATOR: JIS
PREPARED: 10/19/2006



ACR359

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2005 001777.00 01
SIDNEY E. JACKSON

CIRCUIT COURT OF HOUSTON COUNTY — COURT ORI: 038015 J

STATE OF ALABAMA VS.
SMITH JIMMIE LEE
C/O HCJ
901 E MAIN ST
DOTHAN AL 36301

ALIAS:
ALIAS:

DC NO: DC 2005 002562.00
G J: 33-10
SSN: 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
SID: 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
AIS:

DOB: 01/29/1983 SEX: M HT: 5 08 WT: 130 HAIR: BLK EYE: BRO
RACE: ( )W (X)B ( )O COMPLEXION: ________ AGE: _____ FEATURES: ______

DATE OFFENSE: 07/06/2005 ARREST DATE: 10/29/2005 ARREST ORI: 0380100

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 08/02/2006 |
| | | 00 | | | 00/00/0000 |
| | | 00 | | | 00/00/0000 |

JUDGE: SIDNEY E. JACKSON PROSECUTOR: BINFORD HENRY D

PROBATION APPLIED (X)Y( )N 8-2-06 GRANTED ( )Y(X)N DATE 9-13-06 REARRESTED ( )Y( )N DATE ________ REVOKED ( )Y( )N DATE ________

15-18-8, CODE OF ALA 1975 ( )Y (X)N

| | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT: | 05 00 000 | 00 00 000 | 05 00 000 | 00 00 435 |
| PROBATION : | 00 00 000 | | 00 00 000 | |

DATE SENTENCED: 08/02/2006 SENTENCE BEGINS: 09/13/2006

PROVISIONS

PENITENTIARY
CONCURR SENT

| COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $500.00 | $500.00 |
| CRIME VICTIMS | $750.00 | $750.00 |
| COST | $273.00 | $273.00 |
| FINE | $1500.00 | $1500.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $3023.00 | $3023.00 |

| APPEAL DATE | SUSPENDED | AFFIRMED | REARREST |
|---|---|---|---|
| ( )Y(X)N ________ | ( )Y( )N ______ | ( )Y( )N ________ | ( )Y( )N ______ |

REMARKS:

THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND IS TRUE AND CORRECT.

*AMENDED* DEFT REMOVED FROM HOUSTON COUNTY CCO, SENT TO CUSTODY OF THE ALABAMA DEPT OF CORRECTIONS TO SERVE THR REMAINDER OF HIS SENTENCE

Judy Byrd
JUDY BYRD
10/19/2006

OPERATOR: JIS
PREPARED: 10/19/2006

COPY

ACR359

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2005 001778.00 01
SIDNEY E. JACKSON

CIRCUIT COURT OF HOUSTON COUNTY — COURT ORI: 038015 J

STATE OF ALABAMA VS.
SMITH JIMMIE LEE
C/O HCJ
DOTHAN AL 36301

ALIAS:
ALIAS:

DC NO: DC 2005 002563.00
G J: 34-10
SSN: 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
SID: 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
AIS:

DOB: 01/29/1983 SEX: M HT: 5 08 WT: 130 HAIR: BLK EYE: BRO
RACE: ( )W (X)B ( )O COMPLEXION: ________ AGE: _____ FEATURES: ______

DATE OFFENSE: 07/06/2005 ARREST DATE: 10/29/2005 ARREST ORI: 0380100

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 08/02/2006 |
| | | 00 | | | 00/00/0000 |
| | | 00 | | | 00/00/0000 |

JUDGE: SIDNEY E. JACKSON PROSECUTOR: BINFORD HENRY D

PROBATION APPLIED (X)Y( )N 8-2-06 GRANTED ( )Y(X)N DATE 9-13-06 REARRESTED ( )Y( )N DATE ________ REVOKED ( )Y( )N DATE ________

15-18-8, CODE OF ALA 1975 ( )Y (X)N

| | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT: | 05 00 000 | 00 00 000 | 05 00 000 | 00 00 435 |
| PROBATION : | 00 00 000 | | 00 00 000 | |

DATE SENTENCED: 08/02/2006 SENTENCE BEGINS: 09/13/2006

PROVISIONS

PENITENTIARY
CONCURR SENT

| COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $500.00 | $500.00 |
| CRIME VICTIMS | $750.00 | $750.00 |
| COST | $273.00 | $273.00 |
| FINE | $1500.00 | $1500.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $3023.00 | $3023.00 |

APPEAL DATE ( )Y(X)N ________ SUSPENDED ( )Y( )N ______ AFFIRMED ( )Y( )N ________ REARREST ( )Y( )N ______

REMARKS:

THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND IS TRUE AND CORRECT.

*AMENDED* DEFT REMOVED FROM HOUSTON COUNTY CCO, SENT TO CUSTODY OF THE ALABAMA DEPT OF CORRECTIONS TO SERVE THR REMAINDER OF HIS SENTENCE

Judy Byrd
JUDY BYRD
10/19/2006

OPERATOR: JIS
PREPARED: 10/19/2006

COPY

ACR359

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2005 001779.00 01
SIDNEY E. JACKSON

CIRCUIT COURT OF HOUSTON COUNTY — COURT ORI: 038015 J

STATE OF ALABAMA VS.
SMITH JIMMIE LEE
C/O HCJ
901 E MAIN ST
DOTHAN AL 36301

ALIAS:
ALIAS:

DC NO: DC 2005 002564.00
G J: 35-10
SSN: 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
SID: 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
AIS:

DOB: 01/29/1983 SEX: M HT: 5 08 WT: 130 HAIR: BLK EYE: BRO
RACE: ( )W (X)B ( )O COMPLEXION: ______ AGE: ______ FEATURES: ______

DATE OFFENSE: 07/06/2005 ARREST DATE: 10/29/2005 ARREST ORI: 0380100

| CHARGES @ CONV | CITES | CT | CL | COURT ACTION | CA DATE |
|---|---|---|---|---|---|
| POSS FORGED INSTR | 13A-009-006 | 01 | C | GUILTY PLEA | 08/02/2006 |
| | | 00 | | | 00/00/0000 |
| | | 00 | | | 00/00/0000 |

JUDGE: SIDNEY E. JACKSON PROSECUTOR: BINFORD HENRY D

PROBATION APPLIED (X)Y( )N 8-2-06 GRANTED ( )Y(X)N DATE 9-13-06 REARRESTED ( )Y( )N DATE ______ REVOKED ( )Y( )N DATE ______

15-18-8, CODE OF ALA 1975 ( )Y (X)N

| | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT |
|---|---|---|---|---|
| CONFINEMENT: | 05 00 000 | 00 00 000 | 05 00 000 | 00 00 435 |
| PROBATION : | 00 00 000 | | 00 00 000 | |

DATE SENTENCED: 08/02/2006 SENTENCE BEGINS: 09/13/2006

PROVISIONS

PENITENTIARY
CONCURR SENT

| COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $500.00 | $500.00 |
| CRIME VICTIMS | $750.00 | $750.00 |
| COST | $273.00 | $273.00 |
| FINE | $1500.00 | $1500.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $3023.00 | $3023.00 |

| APPEAL DATE | SUSPENDED | AFFIRMED | REARREST |
|---|---|---|---|
| ( )Y(X)N ______ | ( )Y( )N ______ | ( )Y( )N ______ | ( )Y( )N ______ |

REMARKS:

THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND IS TRUE AND CORRECT.

*AMENDED* DEFT REMOVED FROM HOUSTON COUNTY CCO, SENT TO CUSTODY OF THE ALABAMA DEPT OF CORRECTIONS TO SERVE THR REMAINDER OF HIS SENTENCE

Judy Byrd
JUDY BYRD
10/19/2006

OPERATOR: JIS
PREPARED: 10/19/2006

57598

ACRO377 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: DC 2005 002560.00
OPER: AMI CASE ACTION SUMMARY
PAGE: 1 DISTRICT CRIMINAL RUN DATE: 07/07/2005

IN THE DISTRICT COURT OF HOUSTON JUDGE: SEJ

STATE OF ALABAMA VS SMITH JIMMIE LEE
9380 103RD ST LOT 17
CASE: DC 2005 002560.00 JACKSONVILLE, FL 32210 0000

DOB: 01/29/1983 SEX: M RACE: B HT: 5 08 WT: 130 HR: BLK EYES: BRO
SSN: 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 ALIAS NAMES:

CHARGE01: POSS FORGED INSTR 2N CODE01: CPF2 LIT: POSS FORGED IN TYP: F #: 001
OFFENSE DATE: 07/06/2005 AGENCY/OFFICER: 0380100 RHETT D

DATE WAR/CAP ISS: DATE ARRESTED: 07/06/2005
DATE INDICTED: DATE FILED: 07/07/2005
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $10,000.00 SURETIES:

DATE 1: 07/08/2005 DESC: APPD TIME: 0200 P
DATE 2: DESC: TIME: 0000

TRACKING NOS: WR 2005 014336 00 / /

DEF/ATY: TYPE: TYPE:

00000 00000

PROSECUTOR:

OTH CSE: WR200501433600 CHK/TICKET NO: WR2005014336 GRAND JURY: 031-10
COURT REPORTER: SID NO: 000000000
DEF STATUS: JAIL DEMAND: OPER: AMI

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
| --- | --- |
| 7/8/2005 | Defendant before the Court and advised of his/her rights, Hon. Will Ince atty. is appointed counsel for the Defendant. [signature] DISTRICT JUDGE |

ACR0372 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: DC 2005 002561.00
OPER: AMI CASE ACTION SUMMARY
PAGE: 1 DISTRICT CRIMINAL RUN DATE: 07/07/2005

IN THE DISTRICT COURT OF HOUSTON JUDGE: SEJ

STATE OF ALABAMA VS SMITH JIMMIE LEE
7330 103RD ST LOT 17
CASE: DC 2005 002561.00
JACKSONVILLE, FL 32210 0000

DOB: 01/29/1983 SEX: M RACE: B HT: 5 08 WT: 130 HR: BLK EYES: BRO
SSN: 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 ALIAS NAMES:

CHARGE01: POSS FORGED INSTR 2N CODE01: CPF2 LIT: POSS FORGED IN TYP: F #: 001
OFFENSE DATE: 07/06/2005 AGENCY/OFFICER: 0380100 RHETT D

DATE WAR/CAP ISS: DATE ARRESTED: 07/06/2005
DATE INDICTED: DATE FILED: 07/07/2005
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $10,000.00 SURETIES:

DATE 1: 07/08/2005 DESC: APPD TIME: 0200 P
DATE 2: DESC: TIME: 0000

TRACKING NOS: WR 2005 014337 00 / /

DEF/ATY: TYPE: TYPE:

00000 00000

PROSECUTOR:

OTH CSE: WR200501433700 CHK/TICKET NO: WR2005014337 GRAND JURY: 032-10
COURT REPORTER: SID NO: 000000000
DEF STATUS: JAIL DEMAND: OPER: AMI

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/8/2005 | Defendant before the Court and advised of his/her rights, Hon. Will hire atty is appointed counsel for the Defendant. [signature], JUDGE DISTRICT JUDGE |

ACR0372 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: DC 2005 002562.00
OPER: AMI CASE ACTION SUMMARY
PAGE: 1 DISTRICT CRIMINAL RUN DATE: 07/07/2005

IN THE DISTRICT COURT OF HOUSTON JUDGE: SEJ

STATE OF ALABAMA VS SMITH JIMMIE LEE
9330 103RD ST LOT 17
CASE: DC 2005 002562.00
JACKSONVILLE, FL 32210 0000

DOB: 01/29/1983 SEX: M RACE: B HT: 5 08 WT: 130 HR: BLK EYES: BRO
SSN: 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 ALIAS NAMES:

CHARGE01: POSS FORGED INSTR 2N CODE01: CFF2 LIT: POSS FORGED IN TYP: F #: 001
OFFENSE DATE: 07/06/2005 AGENCY/OFFICER: 0380100 RHETT D

DATE WAR/CAP ISS: DATE ARRESTED: 07/06/2005
DATE INDICTED: DATE FILED: 07/07/2005
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $10,000.00 SURETIES:

DATE 1: 07/08/2005 DESC: APPD TIME: 0200 P
DATE 2: DESC: TIME: 0000

TRACKING NOS: WR 2005 014338 00 / /

DEF/ATY: TYPE: TYPE:

00000 00000

PROSECUTOR:

OTH CSE: WR200501433800 CHK/TICKET NO: WR2005014338 GRAND JURY: 033-10
COURT REPORTER: SID NO: 000000000
DEF STATUS: JAIL DEMAND: OPER: AMI

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/9/2005 | Defendant before the Court and advised of his/her rights. Hon. Will hire atty is appointed counsel for the Defendant. [signature], JUDGE DISTRICT JUDGE |

ACR0372 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: DC 2005 002563.00
OPER: AMI CASE ACTION SUMMARY
PAGE: 1 DISTRICT CRIMINAL RUN DATE: 07/07/2005

IN THE DISTRICT COURT OF HOUSTON JUDGE: SEJ

STATE OF ALABAMA VS SMITH JIMMIE LEE
9380 103RD ST LOT 17
CASE: DC 2005 002563.00
JACKSONVILLE, FL 32210 0000

DOB: 01/29/1983 SEX: M RACE: B HT: 5 08 WT: 130 HR: BLK EYES: BRO
SSN: 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 ALIAS NAMES:

CHARGE01: POSS FORGED INSTR 2N CODE01: CFF2 LIT: POSS FORGED IN TYP: F #: 001
OFFENSE DATE: 07/06/2005 AGENCY/OFFICER: 0380100 RHETT D

DATE WAR/CAP ISS: DATE ARRESTED: 07/06/2005
DATE INDICTED: DATE FILED: 07/07/2005
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $10,000.00 SURETIES:

DATE 1: 07/08/2005 DESC: APPD TIME: 0200 P
DATE 2: DESC: TIME: 0000

TRACKING NOS: WR 2005 014339 00 / /

DEF/ATY: TYPE: TYPE:

00000 00000

PROSECUTOR:

OTH CSE: WR200501433900 CHK/TICKET NO: WR2005014339 GRAND JURY: 034-10
COURT REPORTER: SID NO: 000000000
DEF STATUS: JAIL DEMAND: OPER: AMI

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/8/2005 | Defendant before the Court and advised of his/her rights, Hon. Will hire atty. is appointed counsel for the Defendant. [signature] JUDGE DISTRICT JUDGE |

ACR0372 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: DC 2005 002564.00
OPER: AMI CASE ACTION SUMMARY
PAGE: 1 DISTRICT CRIMINAL RUN DATE: 07/07/2005

IN THE DISTRICT COURT OF HOUSTON JUDGE: BEJ

STATE OF ALABAMA VS SMITH JIMMIE LEE
7380 103RD ST LOT 17
CASE: DC 2005 002564.00
JACKSONVILLE, FL 32210 0000

DOB: 01/29/1983 SEX: M RACE: B HT: 5 08 WT: 130 HR: BLK EYES: BRO
SSN: 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 ALIAS NAMES:

CHARGE01: POSS FORGED INSTR 2N CODE01: CPF2 LIT: POSS FORGED IN TYP: F #: 001
OFFENSE DATE: 07/06/2005 AGENCY/OFFICER: 0380100 RHETT D

DATE WAR/CAP ISS: DATE ARRESTED: 07/06/2005
DATE INDICTED: DATE FILED: 07/07/2005
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $10,000.00 SURETIES:

DATE 1: 07/08/2005 DESC: APPD TIME: 0200 P
DATE 2: DESC: TIME: 0000

TRACKING NOS: WR 2005 014340 00 / /

DEF/ATY: TYPE: TYPE:

00000 00000

PROSECUTOR:

OTH CSE: WR200501434000 CHK/TICKET NO: WR2005014340 GRAND JURY: 035-IO
COURT REPORTER: SID NO: 000000000
DEF STATUS: JAIL DEMAND: OPER: AMI

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/8/2005 | Defendant before the Court and advised of his/her rights, Hon. will hire attorney is appointed counsel for the Defendant. [signature], JUDGE DISTRICT JUDGE |

# COURT INFORMATION

C/O Weaverling

Name Smith, Jimmie Inmate No. 57598

| Date | Charge | Case No. | Next Court Date | Sentence | Hear Date | Amt. Bond |
|---|---|---|---|---|---|---|
| 7-8-05 | PFI 2nd x 4 | WR05-14337 | | | | 10,000.00 ON |
| | | Thru | | | | each Case |
| | | WR05-14340 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Remarks and Atty's Name

JUDGE: Mendheim

SHELLEYS/793-1005

FORM #5136

57598

# DOTHAN POLICE DEPARTMENT ARREST REPORT

1

| CASE# | ITEM# | DATE | ARREST TIME | BOOKING TIME | | |
|---|---|---|---|---|---|---|
| 1-05002430 | 1 | 07/06/05 | 03:47 | 05:11 | ☒ ADULT ☐ JUVENILE | ☐ IH4 |

| NAME (LAST, FIRST, MIDDLE) | ALIAS NAMES OR NICKNAMES |
|---|---|
| Smith, Jimmie Lee | Haines, Andre |

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 9380 103rd St. Lot 17 | Jacksonville | Fl | 32210 |

| HOME PHONE | WORK PHONE | DOB | POB | SSN |
|---|---|---|---|---|
| 904-803-3174 | none | 01/29/83 | Jacksonville, Fl | 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 |

| OLN/ID | STATE | RACE | SEX | ETHNIC ORIGIN | HEIGHT | WEIGHT | OCCUPATION |
|---|---|---|---|---|---|---|---|
| ☐ IP S530-432-83-029-0 | Fl | B | m | black | 5'8 | 130 | n/a |

| EMPLOYER | EMPLOYER ADDRESS |
|---|---|
| | |

| HAIR COLOR | HAIR LENGTH | HAIR STYLE | EYE COLOR | COMPLEXION | FACIAL HAIR | BUILD |
|---|---|---|---|---|---|---|
| black | short | afro | brown | medium | none | slim |

| TEETH | SPEECH | WEAPON HELD | HAND USE | MARITAL STATUS | SOBRIETY |
|---|---|---|---|---|---|
| normal | normal | | right | single | sober |

| CAUTIONS | RELIGION | SCARS, MARKS, TATTOOS |
|---|---|---|
| | baptist | none |

| SID# | SID# | SID# | FBI# |
|---|---|---|---|
| | | | |

| RELATED CASE# | SOURCE | RELATED CASE# | SOURCE |
|---|---|---|---|
| 1-05006168 | OFFN | 1-05000662 | TOWH |
| 1-05000784 | EVDN | 1-05006575 | CITA |

| VIOLATION LOCATION | ZONE |
|---|---|
| 2800 Ross Clark Circle, Dothan, Al 36305 | 12 |

| ARREST LOCATION | ZONE |
|---|---|
| 2800 Ross Clark Circle, Dothan, Al 36305 | 12 |

| | CHARGE | COUNTS | UCR | STATUTE | CLEARED |
|---|---|---|---|---|---|
| ☒ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | Obstructing Justice Using False Identity | 1 | 9999 | 13A8194 | 1 |
| ☒ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | Poss. Forged Instrument II | 4 | 2502 | 13A-9-6 | 4 |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 3 | | | | |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 4 | | | | |
| ☐ ON VIEW ☐ CALL ☐ WARRANT ☐ JPO | CHARGE 5 | | | | |

| AW#1 | AW#2 |
|---|---|
| AW#3 | AW#4 |
| AW#5 | AW#6 |
| AW#7 | AW#8 |
| AW#9 | AW#10 |

| ARRESTING OFFICER | ID# | SHIFT | SUPERVISOR/ID# |
|---|---|---|---|
| Cpl. L Nelms / Williamson/202 | 418 | 3 | |

LEAVE BLANK | CRIMINAL | STAPLE HERE | LEAVE BLANK

STATE USAGE

NFF SECOND SUBMISSION | APPROXIMATE CLASS | AMPUTATION | SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX: SMITH,JIMMIE LEE

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO. 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

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 19830129 | M | B | 508 | 130 | BRO | BLK |

1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE

6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE

ID 50X50G8 TPFC #1107 05:00:21

5701LD #1x 20050707-05:21

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY | L. THUMB | R. THUMB | RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV 26306

PRIVACY ACT OF 1974 (P.L. 93-579) REQUIRES THAT FEDERAL, STATE, OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

JUVENILE FINGERPRINT SUBMISSION YES [ ]

TREAT AS ADULT YES [ ]

DATE OF ARREST MM DD YY: 20050706

ORI: AL0380000

CONTRIBUTOR: HOUSTON CO SD

ADDRESS: DOTHAN AL

REPLY DESIRED? YES [Y]

SEND COPY TO (ENTER ORI):

DATE OF OFFENSE MM DD YY: 20050706

PLACE OF BIRTH (STATE OR COUNTRY): FL

COUNTRY OF CITIZENSHIP: US

MISCELLANEOUS NUMBERS:

SCARS, MARKS, TATTOOS, AND AMPUTATIONS: TAT NECK

RESIDENCE/COMPLETE ADDRESS: 9380 103RD ST.LOT 17

CITY: JACKSONVILLE

STATE: FL

OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER): J25 TAMALIN SMITH

LOCAL IDENTIFICATION/REFERENCE: 57598

PHOTO AVAILABLE? YES [X]

PALM PRINTS TAKEN? YES [ ]

EMPLOYER: IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO

UNEMPLOYED

OCCUPATION: LABORER

| CHARGE/CITATION | DISPOSITION |
|---|---|
| 1. 20050706 2506 POSSESS FORGED 2NDX4 | 1 |
| 2. | 2 |
| 3. | 3. |
| ADDITIONAL | ADDITIONAL |

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP